WIGGINTON, Acting Chief Judge.
This cause is before the Court on respondent’s motion to dismiss the petition for writ of certiorari filed herein by petitioner.
Petitioner, an employee of the University of Florida since 1957, was notified in June of 1963 that his position as a statistician in the J. Hillis Miller Health Center at that institution would be abolished, terminating his employment as of June 30, 1964. Petitioner appealed this administrative decision to a faculty committee appointed by the University’s president, which committee made its findings and upheld the Uni-' versify’s administrative action. Thereafter, petitioner sought a hearing by the Board of Control whereupon an examiner was appointed for the purpose of taking testimony, making findings of facts, and submitting recommendations based upon his findings. After notice, a hearing was held on July 13, 1964, at which hearing all parties were represented and their positions stated. Subsequently, the examiner forwarded his recommended order and his amended recommended order to the Board of Control for its consideration. On October 26, 1964, the full Board of Control heard this matter, with all parties represented by counsel. After hearing the arguments and considering the examiner’s recommendations, the Board of Control issued its order approving of the University’s action and holding that petitioner’s employment with the University ended October 26, 1964. On December 8, 1964, petitioner filed a petition for review of this order with the State Board of Education, pursuant to F.S. §§ 229.08(7), (12), (16) and 240.03, F.S.A. After filing *875 his petition, and prior to any action thereon by the State Board of Education, petitioner filed his petition for writ of certiorari in this Court. The petition calls for a determination of the same questions submitted to the State Board of Education for its consideration and decision.
By its motion to dismiss the petition respondent contends that having invoked the jurisdiction of the State Board of Education to review the adverse ruling rendered by respondent, petitioner should be required to exhaust his administrative remedies before seeking the aid of this Court in an attempt to secure the same relief which he elected to seek from the State Board.
Chapter 229, F.S., prescribes the duties and responsibilities of the State Board of Education, which includes the control and supervision over the institutions under the management and control of the State Board of Control, and to supervise the work of the State Board of Control as prescribed by law.[1] The State Board is also authorized and directed to .advise and counsel with school officials concerning the interpretation and meaning of the school code and the rules and regulations adopted pursuant thereto, and whenever practicable, to adjust amicably and settle such controversies arising thereunder as may be submitted to it by all persons directly concerned.[2]
Chapter 240, F.S., prescribes the powers and duties of the State Board of Control, and provides that it shall act in conjunction with,.but at all times under and subject to the control and supervision of, the State Board of Education.[3] The controversy between petitioner and respondent arose under the laws as they existed prior to the abolition of the State Board of Control and the creation of the Board of Regents by the action of the 1963 Legislature, and adoption of the constitutional amendment at the gem eral election in November, 1964.
From the foregoing statutory provisions it clearly appears that the State Board of Education has the authority to review the action of the State Board of Control taken adversely to the interest and contention of petitioner, and to grant the relief which petitioner seeks by the proceeding lodged in this Court. It further appears that petitioner sought such relief from the State Board of Education prior to filing his petition for writ of certiorari herein by which he seeks the same relief he asks of the State Board.
In the case of Board of Public Instruction v. Reaves[4] we cited with approval and followed the principle set forth in Ferris v. Board of Public Instruction of Sumter County [5] which states : “It is generally held that mandamus actions or other resorts to the court will not be upheld until the parties seeking the writ have exhausted their administrative remedies.”
The writ of certiorari is a prerogative writ, the issuance of which lies in the discretion of the Court. It is our view that under the circumstances shown by this record petitioner should first exhaust his administrative remedies before applying to this Court for relief. After the State Board of Education has completed its review and determination of the decision rendered by the State Board of Control in accordance with the request already made of it by petitioner, the latter may then seek the aid of this Court by such proper proceeding as may be available to him if he is so advised.[6] The motion to dismiss the petition herein is granted and the petition dismissed.
CARROLL, DONALD K., and RAWLS,. JJ-, concur.

. § 229.08(7), (12), F.S.

. § 229.08(16), F.S.

. § 240.03, F.S.

. Board of Public Instruction of Taylor County, Florida, v. The State of Florida ex rel. Reaves (Fla.App.1964), 171 So.2d. 209.

. Ferris et al. v. Board of Public Instruction of Sumter County, Florida et al. (Fla.App.1960), 119 So.2d 389.

. F.S. § 120.31(1), F.S.A.