RAWLS, Chief Judge.
Roger L. Motley has filed in this court a petition for writ of certiorari seeking review of what he terms “an administrative ruling rendered by Honorable Thomas D. Bailey, State Superintendent of Public Instruction, purportedly on July 6, 1965, pursuant to memorandum from the State Attorney General of July 13, 1965.” Respondent, Board of Public Instruction of Okaloosa County moves to dismiss the said petition on the ground, inter alia, that the petition “shows on its face that the State Board of Education has never rendered a decision on petitioner’s appeal to that Board.”
Exhibit “A” attached to the said petition and made a part of same is a letter from Superintendent Bailey which states:
“Dear Mr. Motley:
“Information filed with me by the County Board of Public Instruction of Okaloosa County shows that the Circuit Court has already considered your case by granting the county board’s petition to quash.
“In the light of the court order, legal counsel assigned to the Department of Education by the Attorney General advises me that the matter could not properly come before the State Board of Education for review. Apparently, the court has already resolved the matter.
“Cordially yours, s/ Thomas D. Bailey”
Exhibit “B” is a copy of a memorandum addressed to Mr. Bailey from an Assistant Attorney General, wherein the Attorney concludes that Motley “in electing to pursue a legal remedy has divested himself of his rights to further administrative consideration. Plis application for appeal to the State Board of Education should therefore be denied.” It is Exhibits “A” and “B” that Motley construed as “an administrative ruling rendered by Honorable Thomas D. Bailey, State Superintendent.”
This dispute arose out of a continuing contract between Motley and the Board of Public Instruction of Okaloosa County. See Section 231.36, Florida Statutes, F.S.A. Subsection (3) of said section, dealing with the dismissal of members of the instructional staff, provides in part, “any such decision adverse to the employee may be appealed by him in writing to the state board, through the state superintendent, for review * * Section 120.31(1) provides in part, “As an alternative procedure for judicial review * * * the final orders of an agency entered in any agency proceeding, or in the exercise of any judicial or quasi-judicial authority, shall be reviewable by certiorari by the district courts of appeal * * (Emphasis supplied.) The State Board of Education of Florida is composed of the following State Officers: The Governor, Secretary of State, Attorney General, State Treasurer and State Superintendent of Public Instruction. (Article XII, Section 3, Florida Constitution, F.S.A.) Obviously, the action of the State Superintendent as detailed in Exhibit “A” and the contents of Exhibit “B” do not constitute such a final order of the State Board of Education as contemplated by chapter 120, Florida Statutes, F.S.A. and is not such an order to which the petition for writ of certiorari is addressable.
In Hoffman v. Board of Control, 172 So.2d 874, 875, (Fla.App. 1st, 1965), we held:
“From the foregoing statutory provisions it clearly appears that the State Board of Education has the authority to review the action of the State Board of Control taken adversely to the interest and contention of petitioner, and *509 to grant the relief which petitioner seeks by the proceeding lodged in this Court. It further appears that petitioner sought such relief from the State Board of Education prior to filing his petition for writ of certiorari herein by which he seeks the same relief he asks of the State Board.
* * * * * *
“It is our view that under the circumstances shown by this record petitioner should first exhaust his administrative remedies before applying to this Court for relief. After the State Board of Education has completed its review and determination of the decision rendered by the State Board of Control in accordance with the request already made of it by petitioner, the latter may then seek the aid of this Court by such proper proceeding as may be available to him if he is so advised.”
The quoted portion of the Hoffman opinion is applicable to the case at bar. The motion to dismiss is granted.
STURGIS and JOHNSON, JJ., concur.