212 So.2d 819 (1968)
The BOARD OF PUBLIC INSTRUCTION OF DUVAL COUNTY, Florida, a Body Corporate, Relator,
v.
The Honorable Martin SACK, As Circuit Judge of the Fourth Judicial Circuit in and for Duval County, Florida, Respondent.
No. K-121.
District Court of Appeal of Florida. First District.
July 18, 1968.
*820 McCarthy, Adams & Foote, Jacksonville, for relator.
Respondent, pro se.
RAWLS, Acting Chief Judge.
This is an original proceeding upon Relator's (Board of Public Instruction of Duval County, Florida, a body corporate) Suggestion for Writ of Prohibition against The Honorable Martin Sack, as Circuit Judge of the Fourth Judicial Circuit in and for Duval County, Florida.
This Court issued Rule Nisi and upon argument the Court, on its own motion, requested that respective counsel file memorandums of law as to the question of whether the Florida Administrative Procedure Act, Chapter 120, Florida Statutes, F.S.A., is applicable to the Duval County Civil Service Board.
Section 120.31, Florida Statutes, F.S.A., provides in part:
"* * * the final orders of an agency entered in any agency proceeding, or in the exercise of any judicial or quasi-judicial authority, shall be reviewable by certiorari by the district courts of appeal within the time and manner prescribed by the Florida appellate rules."
As stated in Relator's Memorandum of Law, no difficulty is found in ascertaining that the order of the Civil Service Board was a "final order" as contemplated by Section 120.31, Florida Statutes, F.S.A., and that the Civil Service Board was exercising its "judicial or quasi-judicial authority" in that due notice of the hearing was given to the parties and they were provided a fair opportunity to be *821 heard and be present in person or by counsel. Therefore, it is readily seen that if the term "agency" as used in the Administrative Procedure Act is applicable to all administrative agencies, including the Duval County Civil Service Board, then the Legislature has vested jurisdiction in such proceedings in the respective District Courts of Appeal to the exclusion of certiorari jurisdiction to the respective Circuit Courts sitting as an appellate tribunal. This is so because Subsection (3) of Section 5, Article V, Constitution of the State of Florida, F.S.A., provides in part:
"The district courts of appeal shall have such powers of direct review of administrative action as may be provided by law."
As stated by Professor Crandall in Florida Common Law Practice, 1940 Supplement, Section 472, page 365:
"Certiorari is an original proceeding. It covers cases where no direct appellate proceedings are provided by law." (Emphasis supplied.)
In Section 120.31, Florida Statutes, F.S.A., which is entitled "Review of agency orders," the Legislature provided:
"(1) As an alternative procedure for judicial review, and except where appellate review is now made directly by the supreme court, the final orders of an agency entered in any agency proceeding, or in the exercise of any judicial or quasi-judicial authority, shall be reviewable by certiorari by the district courts of appeal within the time and manner prescribed by the Florida appellate rules."
So a method of appellate review of final orders of agencies has clearly been provided by law, and the extraordinary writ of certiorari to the Circuit Court[1] would not be available as an alternative procedure for judicial review if the Civil Service Board's final order is an order of an agency as contemplated by Section 120.31. This leads us to the very narrow question of whether a final quasi-judicial order of the Duval County Civil Service Board is the order of an agency as contemplated by Section 120.31. This question has never been presented to an appellate court in this state.
The crux of the problem, therefore, arises from a construction and definition of the term "agency." Parts I and II of Chapter 120, Florida Statutes, provide a definition of "agency" and limits same to state boards, commissions, departments, or officers. Part III of the Act of which Section 120.31 is a part, does not define the term "agency." It is our determination that the definition of "agency" as provided in Parts I and II of the Act is likewise applicable to Part III of the Act, and it is only when the final judicial or quasi-judicial order of a state agency is entered that the provisions of Part III of the Act come into play and that a direct appellate proceeding, as provided by law, exists.
For the benefit of the Bench and the Bar we hereby delineate the guidelines for appellate review of quasi-judicial orders entered by administrative agencies:
1. Courts will not review any quasi-judicial action of an administrative agency[2] until all remedies available at the administrative level have been exhausted.
2. If the administrative agency issuing the final quasi-judicial order is a "state agency," such order shall be reviewable as prescribed in Section 120.31, Florida Statutes, F.S.A., unless an alternative procedure for judicial review is expressly *822 provided, and the party so seeking review elects the alternative procedure.
3. If the final quasi-judicial administrative order is rendered by an administrative agency of last resort which is a county, municipal or other administrative agency, and not a state agency, then review of same may be sought by petition for common law certiorari to the appropriate circuit court pursuant to Subsection (3), Section 6, Article V, Constitution of the State of Florida.
Although we are not here concerned with the distinction, it is again reiterated that the quasi-judicial nature of the order sought to be reviewed as distinguished from those that are purely legislative or administrative in character are the types of orders with which we are here concerned. This Court in an opinion written by Judge Wigginton in Harris v. Goff[3] treats in depth the applicability of such distinctions.
We now revert to Relator's two initial points in the Suggestion for Writ of Prohibition. It is Relator's contention that the adversary party in a lower tribunal is a necessary and indispensable party respondent in a proceeding to review by certiorari the order or judgment of such lower tribunal. Relator sets out in its statement of the case that the Board of Public Instruction of Duval County, Florida (County Board) suspended its non-instructional employee for a period of 30 days with notice of discharge at the end of the 30 days. The employee sought relief from the School Board's order by petition to the Civil Service Board of Duval County pursuant to Chapter 22263, Laws of Florida Special Acts of 1943. Of paramount importance is the fact that the Civil Service Board gave notice of its proceedings to counsel of the respective parties and at the hearing testimony was adduced and transcribed. Upon these proceedings a final order was entered sustaining the dismissal of the employee. It is clear from this record that the proceedings before the Civil Service Board amounted to a trial de novo and were quasi-judicial in nature. The Civil Service Board was not sitting in an appellate capacity. It did not reach its decisions nor its final order upon a record made before the County School Board. The Civil Service Board in effect tried the cause and entered its final order, and it is from this Board and its order that the employee has applied to the Circuit Court for a writ of certiorari.
Relator insists that Headley v. Lasseter[4] is applicable. In that cause an engineering contractor applied to the City of Miami for a permit for installation by engineering contractors of certain sewer system connections. The City denied the permit. The contractor appealed to the Metropolitan Dade County Board of Rules and Appeals which reversed the City's order. Certiorari was sought in the Circuit Court, and the City was not made a party to the proceeding. Clearly from the facts set out in the opinion an administrative decision by the City was involved, and thus the City became a necessary and indispensable party. In the case sub judice the quasi-judicial order sought to be reviewed was that of the Civil Service Board.
The Circuit Court in denying the Civil Service Board's motion to dismiss granted leave to the Relator herein to intervene or interplead. Thus since Relator insists that it has an interest in the subject matter, it clearly has been provided with a due process means of registering its complaints.
Finally, we address ourselves to the everpresent question of whether the extraordinary writ of prohibition is available in such a cause as here presented. We have concluded that the Circuit Court has jurisdiction in this instance to entertain *823 the petition for writ of certiorari, therefore, it has jurisdiction of the subject matter. Likewise, we have concluded that the Circuit Court has jurisdiction of the agency rendering the quasi-judicial order in dispute and it has jurisdiction of the parties. We, therefore, decline to entertain the Suggestion for Writ of Prohibition and the Rule Nisi heretofore entered is discharged.
JOHNSON and SPECTOR, JJ., concur.
NOTES
[1] See Subsection (3), Section 6, Article V, Constitution of the State of Florida.
[2] Motley v. Board of Public Instruction of Okaloosa County, 180 So.2d 507 (Fla. App.1st, 1965); Hoffman v. Board of Control, 172 So.2d 874 (Fla.App.1st, 1965).
[3] Harris v. Goff, 151 So.2d 642 (Fla.App. 1st, 1963).
[4] Headley v. Lasseter, 147 So.2d 154 (Fla. App.3d, 1962).