317 So.2d 828 (1975)
G-W DEVELOPMENT CORPORATION, a Florida Corporation, and George G. Graham, Individually, Appellants,
v.
The VILLAGE OF NORTH PALM BEACH ZONING BOARD OF ADJUSTMENT and Mader & Ryan, Inc., a Florida Corporation, Appellees.
No. 74-1047.
District Court of Appeal of Florida, Fourth District.
July 25, 1975.
*829 R. Harris Turner, Turner & Shapiro, Miami, for appellants.
Madison F. Pacetti, Caldwell, Pacetti, Barrow & Salisbury, Palm Beach, for appellee-Village of North Palm Beach Zoning Board of Adjustment.
Frederick Hollingsworth and Gary I. Zwickel, Sales & Christiansen, Palm Beach, for appellee-Mader & Ryan, Inc.
OWEN, Judge.
Absent statutory authority, does the circuit court have jurisdiction to review a quasi-judicial decision of a municipal zoning board? We answer this question in the affirmative.
For a number of years Fla. Stat. § 176.16 (1971) provided the means for statutory certiorari review of municipal zoning decisions. However, with the repeal of Ch. 176, F.S. by Ch. 73-129, Laws of Fla. (1973) (effective October 1, 1973), questions arose as to the proper method, if any, to obtain judicial review of municipal zoning decisions in those municipalities which had not seen fit to implement the provisions of Fla. Stat. § 163.250 (1973) by appropriate ordinance as provided in Fla. Stat. § 163.175 (1973).
The Village of North Palm Beach, a municipal corporation, is in this latter category. Thus, when appellants, being aggrieved by a decision of the municipal zoning board of adjustment sought review by a petition for writ of certiorari in the Circuit Court of Palm Beach County, they found their petition dismissed by the court on the grounds that it lacked jurisdiction to entertain it. Although we agree that the circuit court did not, because of the repeal of Ch. 176, F.S., have jurisdiction by statutory certiorari to review the municipal zoning decision, we hold that the court did have jurisdiction by common law certiorari to review such decision.
The jurisdiction of the circuit courts derives from Art. V, § 5(b) of the Florida Constitution (1972) which provides as follows:
"Jurisdiction. The circuit courts shall have original jurisdiction not vested in the county courts, and jurisdiction of appeals when provided by general law. *830 They shall have the power to issue writs of mandamus, quo warranto, certiorari, prohibition and habeas corpus, and all writs necessary or proper to the complete exercise of their jurisdiction. Jurisdiction of the circuit court shall be uniform throughout the state. They shall have the power of direct review of administrative action prescribed by general law." (e.s.)
This constitutional provision confers upon the circuit courts two independent jurisdictional bases for reviewing administrative action: the first is by common law certiorari; the second is as may be prescribed by general law, otherwise commonly referred to as statutory certiorari.
Courts and other legal authorities have always recognized a distinction between review by common law certiorari and review by appeal which is provided by law. Arvida Corporation v. City of Sarasota, 213 So.2d 756, 761 (2nd DCA Fla. 1968); Rogers & Baxter, "Certiorari in Florida", 4 U. of Fla.Law Review 477, at 493 et seq. (1951); 5 Fla.Jur., Certiorari, § 5 (1955). There are at least four distinguishing features.
First, and perhaps most significantly, common law certiorari is generally available only "where no direct appellate proceedings are provided by law." Board of Public Instruction of Duval County v. Sack, 212 So.2d 819, 821 (1st DCA Fla. 1968); 5 Fla.Jur., Certiorari, § 8, at 491, and § 24, at 515; 14 Am.Jur.2d, Certiorari, § 11 (1964). The writ is available to obtain review where no other method of appeal is available. De Groot v. Sheffield, 95 So.2d 912, 916 (Fla. 1957); Codomo v. Shaw, 99 So.2d 849, 852 (Fla. 1958). Thus, review by common law certiorari and that by appeal are ordinarily mutually exclusive.[1]
Second, common law certiorari is entirely discretionary with the court, as opposed to an appeal which is taken as a matter of right. Arvida Corporation v. City of Sarosota, supra; 5 Fla.Jur., Certiorari, § 10; 14 Am.Jur.2d, Certiorari, § 4.
Third, the scope of review by common law certiorari is traditionally limited and much narrower than the scope of review on appeal. As stated in 5 Fla.Jur., Certiorari, § 24, at 514-16:
"As a general rule, it has been stated, certiorari goes only to jurisdiction and legality or regularity in procedure. More broadly, it is said that common-law certiorari lies to determine whether the lower court exceeded its jurisdiction or did not proceed according to the essential requirements of the law in cases where no direct appellate proceedings are provided by law. Or, as it has been so often even more fully expressed, certiorari is a common-law writ that issues in the sound judicial discretion of a superior court to an inferior court, not to take the place of an appeal, but to cause the entire record of the inferior court to be brought up by certified copy for inspection, in order that the superior court may determine from the face of the record whether the inferior court has exceeded its jurisdiction or has not proceeded according to the essential requirements of the law in cases where no direct appellate proceedings are provided by law. As so conceived, review on certiorari is said to be limited as compared with review on appeal." [footnotes omitted]
See also, Arvida Corporation v. City of Sarasota, supra; Rogers & Baxter, supra, at 493-502 and cases cited therein; 1 Fla. Jur., Administrative Law, § 181 (1955). In the case of appellate review of administrative decisions by statutory certiorari, the "review" is sometimes even broader and may be, as was the case with Chapter 176, "in the nature of a trial de novo". Dade County v. Carmichael, 165 So.2d 227, 229 (3rd DCA Fla. 1964).
*831 Finally, common law certiorari will only lie to review judicial or quasi-judicial action, Kilgore v. Bird, 149 Fla. 570, 6 So.2d 541, 544 (1942); 2 Yokley, Zoning Law and Practice, § 18-8, at 378 (1965), never purely legislative action, id. § 18-9, at 394, in contradistinction to review by appeal which is provided by law and by which the legislature can authorize review of a wider scope. An example of this is provided by Chapter 176 itself which authorized review of "any decision of the board of adjustment", § 176.16, F.S. (e.s.), which has been interpreted to include review of such purely legislative action as adopting zoning ordinances. See, Dade County v. Carmichael, supra.
Considering Art. V, § 5, in the light of this traditional and well defined distinction between statutory and common law certiorari, it becomes obvious that the drafters of this provision intended to provide for both methods of review; the second sentence granting the circuit courts the power to issue writs of certiorari obviously refers to common law certiorari; the last sentence conferring "the power of direct review of administrative action prescribed by general law," just as obviously refers to statutory certiorari. They cannot, as appellees in the case at bar argue, possibly refer to one and the same power, because, by definition, certiorari review is not direct appellate review and is not provided for by law, but, entirely to the contrary, is only available, at the discretion of the court, when there is no other right to review provided by law.
Once it is determined that the Constitution confers two separate types of certiorari jurisdiction upon the circuit court, there is no problem in concluding that where the legislature fails to provide for statutory review, or statutory certiorari as it is called, common law certiorari is still available. This principle has been recognized rather uniformly by cases and legal writers alike: see, Codomo v. Shaw, supra, at 852; Board of Public Instruction of Duval County v. Sack, supra; State v. Simmons, 104 Fla. 487, 140 So. 187, 190 (1932); 2 Yokley, Zoning Law and Practice, § 18-9, at 389-90; Rogers & Baxter, supra.
In short, the Florida Constitution has always vested common law certiorari jurisdiction in the circuit courts. Wherever the legislature has seen fit to vest the circuit court with statutory certiorari jurisdiction, such jurisdiction is independent and cumulative, so that where the statutory remedy for some reason fails, or is simply rescinded, as here, common law certiorari is still available to review, at least to the limited extent that review is permitted under the writ, the quasi-judicial action of inferior tribunals. Chapter 176, F.S., having been repealed, leaving the circuit court with no statutory certiorari jurisdiction to review the orders of the North Palm Beach Municipal Zoning Board, the court still had jurisdiction to review by petition for common law certiorari.
The argument is made that it was the legislative intent under the "Municipal Home Rule Powers Act", Ch. 73-129, Laws of Fla. (1973), that municipalities should continue to exercise all powers theretofore conferred on them by Ch. 176, F.S., (and other chapters not here relevant) if the municipality so provided by ordinance. We expressly do not here decide the question of whether such provision, now codified as Fla. Stat. § 166.042 (1973) would enable a municipality, by ordinance, to confer upon the circuit court statutory certiorari jurisdiction of the type formerly authorized by Fla. Stat. § 176.16 (1971), as that question is not before us because at the time this cause of action arose the Village of North Palm Beach had not sought to enact such an ordinance.
The order dismissing with prejudice appellants' amended complaint is reversed and this cause remanded for further proceedings consistent herewith.
Reversed and remanded.
WALDEN, C.J., and MORIARITY, HERBERT W., Associate Judge, concur.
NOTES
[1] See generally, 5 Fla.Jur., Certiorari, § 9, for the exceptions to this rule which are not relevant here.