460 So.2d 531 (1984)
Margaret L. PERKINS, a/K/a Margaret L. McKay, Appellant,
v.
Kenneth I. McKAY, III, Appellee.
No. 83-2577.
District Court of Appeal of Florida, Second District.
December 12, 1984.
Richard Benjamin Wilkes and Nicholas J. Hennessy, Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, P.A., Tampa, for appellant.
Gordon D. McCutcheon, III, Tampa, for appellee.
*532 PER CURIAM.
This is an appeal by Margaret Perkins, formerly Margaret McKay (hereinafter "mother"), from a final order granting the amended petition of Kenneth I. McKay, III (hereinafter "father"), for modification of the final judgment of dissolution of marriage. We reverse.
The parties were married in 1972 and separated in 1979. During that period of time two children were born of the marriage. The children now live with their mother and her husband near Tampa, Florida.
In July 1979 the father moved to Louisiana. He visited the children periodically by driving to Tampa. On September 1, 1979, while the father still lived in Louisiana, he and the mother entered into a separation and property settlement agreement (hereinafter "agreement"). In April 1980, six months prior to the entry of the final decree of dissolution, the father moved to Montana where he now resides with his new wife. The marriage to Margaret McKay was dissolved on October 9, 1980. The agreement was made a part of the final judgment. Pursuant to the agreement, the mother was awarded full custody of the minor children and the father was permitted reasonable visitation rights.
On April 6, 1983, the father filed an amended petition for modification of the final judgment of dissolution of marriage seeking an order allowing the children to visit him in Montana for a period of at least six weeks during the summer and two weeks every other Christmas, the travel expenses to be paid by the father. The father alleged that the requested modification was based on the father's relocation to Montana from Florida. There was no allegation that the requested modification was in the children's best interest.
Two hearings were held concerning the children's visitation, after which the lower court found that "subsequent to the entry of the final judgment a substantial change of circumstances had occurred in that the former husband has moved to the State of Montana, thereby precluding said husband from maintaining normal visitation with the minor children." He also found that "it is in the best interest that the minor children have continual contact with their natural father." The court then awarded the father six weeks visitation with the two children in the summer and two weeks during Christmas every other year. The mother appeals this order.
It is true that in Florida "reasonable visitation" ordinarily does not include the children's removal from the state by the noncustodial parent for visitation purposes. If a court order is couched in this general language, the proper method for expansion of visitation rights is to petition, as the father did here, for modification of the final judgment. Kranis v. Kranis, 313 So.2d 135 (Fla. 2d DCA 1975). However, when considering petitions for modification of visitation arrangements, the trial court does not have the same degree of discretion as it does in entering the original divorce decree. Teta v. Teta, 297 So.2d 642 (Fla. 1st DCA 1974). The party seeking the modification has the burden of proving that there has been a substantial and material change in the circumstances of one or both of the parties since the entry of the divorce decree and that the best interests of the child or children will be promoted by the change. Taylor v. Taylor, 376 So.2d 27 (Fla. 2d DCA 1979); see Teta v. Teta.
In this case, the trial court erred in finding that the father had undergone a substantial change in circumstances by moving to Montana after the entry of the final judgment. The record clearly indicates that the father's move to Montana was made six months before final judgment was entered. In fact, the father had lived out of state at the time the agreement was signed. Thus, the father did not meet his burden of showing a material change of circumstances justifying a modification of the final judgment.
Moreover, the father did not allege in his amended petition for modification nor did he specifically discuss at hearing that the proposed modification was in his children's *533 best interests. Therefore, the requisite second showing was not made.
Accordingly, we reverse the trial court's findings and vacate the order based upon those findings.
REVERSED.
RYDER, C.J., and BOARDMAN and SCHOONOVER, JJ., concur.