NIMMONS, Judge.
Greene appeals from a final order dismissing his action to enforce, pursuant to Section 120.69, Florida Statutes, an order entered by the Duval County Civil Service Board. We affirm.
Appellant, who was a Jacksonville Sheriffs Office patrolman, was suspended after being found guilty of sale or delivery of a controlled substance. He was sentenced to a term of incarceration followed by probation. After unsuccessfully appealing the conviction through the state judicial system, he sought relief via habeas corpus in federal court. The United States District Court’s denial of habeas corpus was reversed in Greene v. Wainwright, 634 F.2d 272 (5th Cir.1981) which culminated in an order requiring a new trial. The State nolle prossed the charges.
Thereafter, the appellant requested a hearing before the Civil Service Board on his suspension. After a hearing, the Board entered an order requiring reinstatement from the date of suspension with full back pay from that date. On review to the circuit court, the latter affirmed the Board’s order.[1]
Appellant instituted contempt proceedings in the circuit court (in the same case in which the circuit court had reviewed the Civil Service Board’s order as above mentioned) seeking to have appellee held in contempt for failure to reinstate appellant.[2] An order was entered denying the motion for contempt.
Subsequently, appellant filed a new action in circuit court seeking enforcement of the Board’s reinstatement order pursuant to Section 120.69. The final order of dismissal of that action is the subject of the instant appeal.
The Administrative Procedure Act provides, via Section 120.69, a statutory remedy available to a substantially interested person for “enforcement of any agency action.” (e.s.) Critical to the instant case is whether the trial court correctly ruled that the Civil Service Board was not an “agency” within the meaning of this section, thus precluding availability of this statutory remedy to the appellant. We hold that the trial court’s ruling was correct.
The term “agency,” as used in Chapter 120, does not apply to all units of government. This is so because the term has been specifically defined in the Act. Section 120.52 provides in pertinent part as follows:
(1) “Agency” means:
(a) The Governor in the exercise of all executive powers other than those derived from the constitution.
(b) Each other state officer and each state department, departmental unit described in s. 20.04, commission, regional planning agency, board, district, and authority, including, but not limited to, those described in chapters 163, 298, 373, 380, and 582 and s. 186.504, except any legal entity or agency created in whole or in part pursuant to chapter 361, part II.
(c) Each other unit of government in the state, including counties and municipalities, to the extent they are expressly made subject to this act by general or special law or existing judicial decisions, (e.s.)
The Civil Service Board of the City of Jacksonville does not fall within this definition of agency. We have not been referred to, nor have we found, any “general or special law or existing judicial decisions” expressly making such Board subject to Chapter 120. *1009 Our research suggests the contrary. See Sweetwater Utility Corp. v. Hillsborough County, 314 So.2d 194 (Fla. 2nd DCA 1975); County of Volusia v. City of Day-tona Beach, 420 So.2d 606, 610 (Fla. 5th DCA 1982); Amerson v. Jacksonville Electric Authority, 362 So.2d 433 (Fla. 1st DCA 1978); Siddeeq v. Tallahassee Memorial Hospital, 364 So.2d 99 (Fla. 1st DCA 1978).
Appellant has suggested that this court’s opinion in Board of Public Instruction of Duval County v. Sack, 212 So.2d 819 (Fla. 1st DCA 1968) is supportive of his position that Section 120.69 is available as a remedy to enforce the orders of the Civil Service Board. We disagree. Sack merely held that the circuit court had certiorari jurisdiction to review quasi-judicial orders of the Duval County Civil Service Board.[3] It did not hold that the Civil Service Board was an agency under the provisions of Chapter 120. In fact, it indicated just the opposite.[4]
The lower court was clearly correct in ruling that the Section 120.69 enforcement mechanism was unavailable to the appellant and that appellant’s action predicated thereon had to be dismissed. Were we to hold otherwise, we would, of necessity, be extending the reach of Chapter 120 to governmental units never intended to be covered by the provisions of that Chapter.
Accordingly, the final order of dismissal is AFFIRMED.
SHIVERS and THOMPSON, JJ., concur.

. While basically affirming the Board’s order, the circuit court did modify the back pay provision so as to provide for back pay from the date the Board ordered the appellant reinstated instead of from the earlier date of appellant’s suspension.

. Apparently, the reason why the appellee has not reinstated the appellant is because of the "inactive status” of his law enforcement certificate from the Criminal Justice Standards and Training Commission and the alleged legal constraints on the Sheriff in reinstating appellant. See Section 943.11 et seq, Florida Statutes. In view of the basis upon which we must affirm the appealed order, we do not reach such question.

. We would note that, among the changes by the 1972 amendments to Article V, Section 5, Florida Constitution, governing circuit court jurisdiction was the addition of the sentence: "They shall have the power of direct review of administrative action prescribed by general law." This has been construed to provide a basis for circuit court review of administrative actions additional to the common law certiorari jurisdiction recognized in Sack. See G-W Development Corp. v. Village of North Palm Beach Zoning Board of Adjustment, 317 So.2d 828 (Fla. 4th DCA 1975). We would also point out that the current Duval County Civil Service Board was constituted by Chapter 67-1320, Article XIX, which created the "consolidated" City of Jacksonville, and that section 19.08 thereof provides for judicial review by the circuit court of orders of the Civil Service Board.

. We recognize that Chapter 120 is not the same as it was when Sack was decided. For example, the definition of “agency” as found in present Section 120.52, supra, was not the same under the older version of Chapter 120.