623 So.2d 836 (1993)
John VENTRIGLIA, Appellant,
v.
Melissa VAUGHAN, formerly known as Melissa Ventriglia, Appellee.
No. 92-04065.
District Court of Appeal of Florida, Second District.
September 8, 1993.
*837 Melton H. Little, Bradenton, for appellant.
Claflin Garst, Jr., Bradenton, for appellee.
PARKER, Judge.
John Ventriglia (father) appeals the trial court's order on the motion of Melissa Vaughan (mother) to correct an error in the final judgment. In its order, the circuit court judge held that the court had continuing jurisdiction to change the visitation which was established in the final judgment of dissolution of marriage without requiring a showing of a substantial change of circumstances. We vacate the challenged order and hold that the mother must prove a material and substantial change of circumstances and that any proposed change in visitation would be in the best interests of the child in order for the court to modify the visitation established in the final judgment.
The trial court dissolved this marriage by final judgment in December 1991. In the final judgment, Judge Blue, the presiding judge, awarded the mother primary custody of the parties' only child, who was almost one year old at the time, and awarded the father visitation every weekend. The final judgment provided that the trial court retained jurisdiction for the purpose of entering such "orders as may be necessary for purposes of enforcing this Final Judgment of Dissolution of Marriage." Near the conclusion of the final hearing and before the trial court rendered the judgment, the mother's attorney expressed concern that the mother never would have the child on any weekend. Judge Blue's oral response was that he intended to leave the visitation as he had ordered and added:
When you can't work them out, then you get to come back and see me, and I would certainly look into some sort of a change that would benefit both parties, because I can see where you would both benefit if you didn't have to be on the road as much as you are and have the baby on the road as much as it is, but there's got to be some give and take.
I think Melissa should have the child on some weekends and maybe you all can think about that and maybe you attorneys could advise and see if it can be worked out.
Six months later the mother's new attorney filed a Motion to Correct Error in Final Judgment, asserting that there was a "clerical mistake or error arising from oversight or omission in the Final Judgment." The motion in essence alleged that the above-quoted statement indicated that Judge Blue intended to retain jurisdiction to change visitation without the necessity for a party to file a petition for modification but that the final judgment failed to do so. Judge Gallen held a hearing on the motion during which he reviewed the transcript of Judge Blue's ruling from the final hearing.[1] Thereafter Judge Gallen entered an order amending the final judgment to provide:
[T]his Court has continuing jurisdiction to determine visitation and changing the visitation as is in the best interest of the minor child and the Court further upon reviewing the transcript of the Ruling on November 18th, 1991, finds that Judge John R. Blue in his Ruling reflected that the continuing jurisdiction of the Court to revisit visitation would not require the petitioning *838 party to show or allege a substantial change of circumstances and the visitation ordered by Judge Blue was in the nature of a trial visitation which if it was not suitable, the Court would revisit the matter and work it out in the event the parties could not otherwise agree.
Judge Gallen's order then referred the issue of visitation to mediation.
We conclude that Judge Gallen's order was error. The mother's motion to correct error in the final judgment was a request for relief pursuant to Florida Rule of Civil Procedure 1.540. Rule 1.540(a) limits relief to those requests seeking to correct clerical, not judicial, errors or omissions in an order or final judgment. Clearwater Oaks Bank v. Plumtree, 477 So.2d 1023 (Fla.2d DCA 1985). The challenged order did not correct a clerical error, but rather it changed the substance of the final judgment. There was no indication in Judge Blue's final judgment that the visitation was in the nature of a trial visitation. In fact, that same visitation schedule had been ongoing in the four months preceding the entry of the final judgment.
Judge Gallen's order extinguished the requirement of either party having to prove a substantial and material change in circumstances in order to modify the visitation. There, of course, is no question that the trial court has continuing jurisdiction to enforce or modify the judgment in this case. See Wells v. Ward, 314 So.2d 138 (Fla. 1975). The correct procedure to modify visitation, however, is for the party to file a petition for modification. Then, in order to prevail on the petition, the party must show that there has been a substantial and material change in circumstances and that the proposed change would be in the best interests of the minor child. Perkins v. McKay, 460 So.2d 531 (Fla.2d DCA 1984).
We, therefore, vacate Judge Gallen's order. The mother still has available to her the remedy of filing a petition for modification of the final judgment which alleges that there has been a substantial change in circumstances and that the proposed change in visitation would be in the best interests of the child.
FRANK, C.J., and SCHOONOVER, J., concur.
NOTES
[1] Judge Blue had been elevated from the circuit court to the second district court of appeal at the time of the mother's motion.