862 So.2d 100 (2003)
Kimberly D. BARRETT, Appellant,
v.
Lowell Scott BARRETT, Appellee.
No. 2D03-475.
District Court of Appeal of Florida, Second District.
November 21, 2003.
Tyrone Zdravko of Reeser, Rodnite & Zdravko, P.A., Palm Harbor, for Appellant.
*101 M. Katherine Ramers of M. Katherine Ramers, P.A., Dunedin, for Appellee.
CASANUEVA, Judge.
In this postdissolution action, Kimberly D. Barrett asserts that the trial court abused its discretion in modifying the visitation provisions of the final judgment of dissolution of marriage. With the exception of the Christmas holiday visitation terms, we disagree and affirm. Competent, substantial evidence supports the trial court's conclusion that a substantial change of circumstances has occurred and that it is in the child's best interest to have increased visitation with his father.
To assure that Mr. Barrett and his son would have more time together, the trial court fashioned a new visitation schedule based upon exhibit 16, submitted by Mr. Barrett. That schedule provides for the parties to alternate visitation with their son on specific holidays and occasions, such as the child's birthday, Easter Sunday, Thanksgiving Day, Halloween, and the Fourth of July, depending on whether the year ends in an even or odd number. For Christmas, however, Mr. Barrett is scheduled to have the child on Christmas Day and Ms. Barrett to have him on Christmas Eveevery year. We are unable to find any record evidence to support the trial court's decision to deviate from the alternating holiday plan for Christmas. Therefore, we reverse this determination and remand with instructions for the trial court to modify the schedule so that the parties will alternate visitation with their son on Christmas Eve and Christmas Day in a manner similar to the schedule of other holidays.
Finally, Ms. Barrett argues that the detriment factor as set out and discussed in Gibbs v. Gibbs, 686 So.2d 639 (Fla. 2d DCA 1996), applies to proceedings seeking to modify visitation as well as custody. We disagree. Gibbs concerns custody modification and requires the court to find that detriment would occur to the child if custody were not changed. Id. at 642. We do not interpret Gibbs as requiring a similar standard for visitation modification.
Affirmed in part, reversed in part, and remanded with instructions.
FULMER and CANADY, JJ., Concur.