SILBERMAN, Judge.
Roxanne Ross (the Mother) challenges the trial court’s visitation orders of February 13, 2004, and June 7, 2004, granting visitation with the parties’ minor child to Robert T. Phillips (the Father). Because the trial court erred as a matter of law in applying the standard for an initial visitation determination rather than the standard for a modification of visitation, we reverse and remand for further proceedings.
The Mother and the Father have one son together, born on May 12, 1995. The Father’s paternity was established in late 1995. An October 16, 1996, Order Amending Final Judgment of Paternity, Custody and Support Upon Rehearing provided that the Mother was to have primary residential custody and that the Father could contact the child by no more than two written communications per month. At the time, the Father was incarcerated for violation of a domestic violence injunction against the Mother. The 1996 order states that the court “reserves jurisdiction to modify contact and access between the [Father] and the minor child subsequent to the [Father’s] release from jail.”
In late 1997 the Father filed a motion seeking to establish visitation with his son. The trial court conducted an evidentiary hearing at which the Mother, the Father, and a court-appointed psychologist testified. The psychologist had conducted an evaluation of the Father and in his report described the Father’s criminal history and unstable mental history. The psychologist stated in his report, “Within a reasonable degree of psychological certainty, it is opined that it would be detrimental to [the minor child] to proceed with re-unification, now and in the foreseeable future.”
In an order entered in October 1998 the trial court stated that based on the testimony, the psychologist’s evaluation, and the court file, the Father “should have no contact of any nature or kind with the minor child as it is not in the best interest of the child at this time.” The court then denied the Father’s “request for reunification” because “it is not in the best interest of the child at this time.” The order also prohibited the Father from having any contact with the psychologist, his family, or his staff.
Five years later, on October 2, 2003, the Father filed a Motion to Establish Contact and Access with Minor Child (Motion to Establish Contact). The motion alleged that a “substantial amount of time” had passed and that the Father believed that “now it would be in the best interest of the minor child to be reunited with the [Father].” The Father requested that the trial court “establish a schedule of contact and access” between him and the child.
On February 13, 2004, the trial court entered a temporary order providing for supervised visitation once a week between the Father and the parties’ then eight-year-old child. The order also required the parties to select a mental health counselor to assist in the reunification of the child with the Father. On March 12, 2004, the Father filed a Motion for Civil Contempt/Enforcement, alleging that only one visitation had occurred and that the Mother had not complied with the court’s order by failing to schedule supervised visits. After a hearing, the trial court entered a final order on June 7, 2004, granting the Father’s Motion to Establish Contact and ordering unsupervised visitation for the Father and the child.
*773 The Mother challenges the trial court’s visitation orders of February 13, 2004 (the February order), and June 7, 2004 (the June order). The Father contends that the February order is a temporary order that this court cannot review. However, “an appeal from a final order calls up for review all necessary interlocutory steps leading .to that final order, whether they were separately appealable or not.” Saul v. Basse, 399 So.2d 130, 133 (Fla. 2d DCA 1981); see also Lidsky Vaccaro & Montes, P.A. v. Morejon, 813 So.2d 146, 150 (Fla. 3d DCA 2002). Here, the appeal of the final visitation order, the June order, allows review of the temporary visitation order, the February order.
In both the February order and the June order, the trial court determined that the Father’s Motion to Establish Contact “was not being heard as a supplemental petition for modification of a final judgment, but rather an initial determination of whether the Father could have visitation with his minor child.” The Mother contends on appeal that the trial court’s 1998 determination that the Father was not entitled to visitation is a final order and, therefore, that the trial court should have applied the standard for a modification of visitation rather than for an initial determination of visitation in the February and June 2004 orders. The Father argues that there had never been a final order ,as to visitation and that no visitation schedule had ever been set. He also points out that the court’s 1998 order was not final because it stated that the child should have no contact with the Father because “it is not in the best interest of the child at this time.”
“An order is final if it constitutes an end to the judicial labor in the cause, and nothing further remains to be done by the court to effectuate a termination of the cause as between the parties directly affected.” Array v. Alberigi, 832 So.2d 873, 874 (Fla. 5th DCA 2002) (citing S.L.T. Warehouse Co. v. Webb, 304 So.2d 97 (Fla. 1974)). In the October 1998 order, entered after an evidentiary hearing, the trial court found that the Father should have no contact with the minor child. The Father did not appeal this ruling and judicial labor was at an end. That order was in effect for five years before the Father filed his 2003 Motion to Establish Contact. The fact that the October 1998 order states that contact between the Father and the child is not in the child’s best interests “at this time” does not alter the final nature of the order since determinations of custody or visitation are based on the existing circumstances as determined by a trial court.
The Father’s argument that the October 1998 order was not final because it did not set a visitation schedule is also unpersuasive. That argument ignores the fact that the October 1998 order expressly resolved the visitation'question, directing'that there be no contact between the Father and the child. Thus, we conclude that the 1998 order was a final order allowing no visitation. As a result, the trial court was required to apply a modification standard for any subsequent change in visitation.
In Ventriglia v. Vaughan, 623 So.2d 836, 838 (Fla. 2d DCA 1993), this court determined that although the trial court has continuing jurisdiction to enforce or modify a final judgment of dissolution providing for visitation, “[t]he correct procedure to modify visitation, however, is for the party to file a petition for modification.” The Ventriglia court noted that nothing in the judgment indicated that the visitation was “in the nature of a trial visitation” and that the same visitation schedule had been in effect prior to entry of the final judgment. Id. The court explained that to prevail on a modification petition, “the party must show that there has been a substantial and *774 material change in circumstances and that the proposed change would be in the best interests of the minor child.” Id. (citing Perkins v. McKay, 460 So.2d 531 (Fla. 2d DCA 1984)); see also Barrett v. Barrett, 862 So.2d 100, 101 (Fla. 2d DCA 2003) (“Competent, substantial evidence supports the trial court’s conclusion that a substantial change of circumstances has occurred and that it is in the child’s best interest to have increased visitation with his father.”), review denied, 870 So.2d 820 (Fla.2004). Here, the February and June 2004 orders reflect that the trial court applied the incorrect legal standard for modification of visitation. Thus, we reverse those orders and remand for further proceedings.
Finally, we note that the Father’s Motion to Establish Contact did not plead a substantial change in circumstances in support of a modification of visitation. However, the record reflects that on May 2, 2001, the Father filed a Supplemental Petition for Modification of Filial Judgment and alleged that there had “been a substantial change of circumstances, requiring a modification in visitation” and that a modification was in the child’s best interest. On June 2, 2001, the Mother filed a verified motion to dismiss the supplemental petition. The parties do not mention the supplemental petition or the motion to dismiss in their briefs, and the February and June 2004 orders do not refer to these documents. Further, our record does not indicate that the trial court ever heard or ruled on the supplemental petition. Due to the passage of time, on remand the trial court shall permit the Father to amend his supplemental petition if he intends to pursue a modification of visitation, and the trial court shall then conduct a new hearing to resolve any issues properly before it.[1]
Reversed and remanded with directions.
ALTENBERND and CASANUEVA, JJ., Concur.

. The Mother also requests that this court direct that the case be assigned to a different trial judge on remand. We decline to do so and make no determination of whether the Mother has any basis to seek the trial judge’s disqualification on remand.