FLETCHER, Judge.
This is an appeal from a non-final post-dissolution order temporarily modifying the visitation schedule of the parties’ five minor children. We reverse.
The children annually travel with the mother to Spain during the month of July, and are currently in Spain with her. This has been the parties’ practice since the 2001 dissolution judgment. The father sought to have the children return to Miami two weeks early, temporarily altering the visitation schedule in order that the children may attend his family’s July reunion. However, the parties by settlement agreement approved by the court have specifically fixed the dates of visitation.
We find that the father has not shown by competent substantial evidence, nor did the court’s order reflect a finding of, a substantial change in circumstances warranting the last-minute modification of the children’s 2006 summer visitation schedule. See Barrett v. Barrett, 862 So.2d 100 (Fla. 2d DCA 2003)(holding that competent, substantial evidence was necessary to support the trial court’s conclusion that a substantial change in circumstances occurred and that it was in the child’s best interest to have increased visitation with his father); Ventriglia v. Vaughan, 623 So.2d 836 (Fla. 2d DCA 1993)(ruling that in order to modify visitation, parent must prove a material and substantial change of circumstances and that any proposed change in visitation would be in the best interests of the child); Buttermore v. Meyer, 559 *41 So.2d 357 (Fla. 1st DCA 1990)(holding that modification of visitation requires competent substantial evidence of substantial or material change in circumstances of the parties since entry of original custody and visitation order, and that the welfare of the child will be promoted by such modification); Hunter v. Hunter, 540 So.2d 235 (Fla. 3d DCA 1989) (“Visitation rights may be modified if there is a substantial change in circumstances and the modification will benefit the child.”). In this instance, the father’s and mother’s plans are simply two competing interests regarding the social and educational well being of their children.
This court’s ruling is effective immediately and will not be delayed by the filing of a motion for rehearing or other post-decision motion.
Reversed.
SCHWARTZ, Senior Judge, concurs.