49 So.3d 312 (2010)
Tamara DUNCAN, Petitioner,
v.
UNITED AUTOMOBILE INSURANCE COMPANY, Respondent.
No. 3D10-687.
District Court of Appeal of Florida, Third District.
November 10, 2010.
Opinion Denying Rehearing December 22, 2010.
*313 Lopez & Best, and Virginia M. Best, for petitioner.
Thomas L. Hunker, Miami, for respondent.
Before RAMIREZ, C.J., and GERSTEN and SALTER, JJ.
PER CURIAM.
Tamara Duncan petitions for second-tier certiorari review of an order entered by the appellate division of the circuit court reversing a final summary judgment which the trial court entered in a case involving a suit for personal injury protection (PIP) benefits. We deny the petition because the petitioner has an adequate remedy on appeal.
Certiorari review of non-final orders under Florida Rule of Appellate Procedure 9.030(b)(2)(A) is "an extraordinary remedy which should not be used to circumvent the interlocutory appeal rule which authorizes appeal from only a few types of non-final orders." State Farm Mut. Auto. Ins. Co. v. Peters, 611 So.2d 597, 598 (Fla. 2d DCA 1993). Furthermore, we remind counsel that a certiorari petition must satisfy three requirements before a district court can grant relief from an erroneous interlocutory order. "A petitioner must establish (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the trial (3) that cannot be corrected on postjudgment appeal." Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646, 648 (Fla. 2d DCA 1995).
Accordingly, we deny the petition because the petitioner has an adequate remedy on appeal.

ON MOTION FOR REHEARING
RAMIREZ, C.J.
In the Motion for Rehearing and the Response to the Motion for Rehearing, both sides agree that this Court mistakenly applied the standard for first-tier certiorari jurisdiction to a second-tier petition. Because we disagree with both sides, we write to clarify our reasoning.
*314 The county court granted summary judgment. Petitioner argues that this was a final order. We do not quarrel with that assessment. Indeed we agree with it. But once the circuit court reversed that summary judgment and remanded the case back to the county court, all that has been determined by the circuit court is that there are genuine issues of material fact that prevent the entry of summary judgment. The petitioner may still ultimately prevail on the merits. We have been cited to no case law that requires the second-tier reviewing court to grant certiorari where the petitioner still has an adequate remedy on appeal. In fact, the petitioner has an adequate remedy at the trial level. All that has been determined is that she is not entitled to prevail on summary judgment on the limited issue of whether a doctor can properly perform a peer review where he did not personally perform the medical examination.
Petitioner quotes from Ross v. Phillips, 913 So.2d 771, 773 (Fla. 2d DCA 2005) that "`an appeal from a final order calls up for review all necessary interlocutory steps leading to that final order, whether they were separately appealable or not.'" (quoting from Saul v. Basse, 399 So.2d 130, 133 (Fla. 2d DCA 1981)). While this is the rule with appeals, it is not necessarily applicable to a second-tier petition for writ of certiorari. In Haines City Comty. Dev. v. Heggs, 658 So.2d 523, 526 n. 3 (Fla. 1995), the court stated:
It has been noted that there are at least four distinguishing features between review by common-law certiorari and review by appeal which is provided by law. G-W Dev. Corp. v. Village of N. Palm Bch. Zoning Bd. of Adjustment, 317 So.2d 828, 830 (Fla. 4th DCA 1975). First, common-law certiorari is available only "where no direct appellate proceedings are provided by law." Id. Second, common-law certiorari is entirely discretionary with the court, as opposed to an appeal which is taken as a matter of right. Id. Third, the scope of review by common-law certiorari is traditionally limited and much narrower than the scope of review on appeal. That is, on appeal, all errors below may be corrected: jurisdictional, procedural, and substantive; and judgments below may be modified, reversed, remanded with directions, or affirmed. Fourth, common-law certiorari will only lie to review judicial or quasi-judicial action, never purely legislative action, in contradistinction to review by appeal which is provided by law and by which the legislature can authorize review of a wider scope. Id. at 831.
Rather than explain why she has no remedy on appeal, the petitioner instead has argued eloquently why the county court order was final. But the petition does not seek review of the county court order; it seeks review of the circuit court reversal of the county court order. As the Florida Supreme Court recently stated in Custer Medical Center v. United Automobile Insurance Company, 35 Fla. Law Weekly S640, S642, ___ So.3d ___, ___, 2010 WL 4340809 (Nov. 4, 2010), "[t]he policy behind prohibiting certiorari to function as a second appeal is that the circuit court possesses final appellate jurisdiction in cases originating in the county court."
The motion for rehearing does not quarrel with our characterization that whatever error was committed below, it can be corrected on postjudgment appeal. Instead, petitioner basically argues that we should grant the extraordinary and discretionary writ of certiorari to resolve a matter in which she may ultimately prevail without our interference. We decline to do so.
*315 It seems to us that the Florida Supreme Court has established over the years a basic requirement for all writs of certiorari, that the petitioner have no adequate remedy on appeal. See De Groot v. Sheffield, 95 So.2d 912, 915-16 (Fla.1957) (stating that "certiorari is a discretionary writ bringing up for review by an appellate court the record of an inferior tribunal or agency in a judicial or quasi-judicial proceeding. The writ is available to obtain review in such situations when no other method of appeal is available."). The Court has then further restricted second-tier certiorari review by stating that "[a]s a case travels up the judicial ladder, review should consistently become narrower, not broader." Haines City Cmty. Dev., 658 So.2d at 530. Thus, on second-tier review, district courts may only look to see "whether the circuit court afforded procedural due process and whether the circuit court applied the correct law." Id. On second-tier review, we have been admonished not to review cases that do not meet this criteria, even if the litigants will have no adequate remedy on appeal. We have been cited to no case that requires us to review on certiorari a case where the litigants still have an adequate remedy on appeal from a final judgment. In fact, the Supreme Court made the same observation in Custer Medical Center, stating that "the decision of the circuit court did not deprive the parties of their day in court, and did not foreclose United from proving its affirmative defense on remand." 35 Fla. Law Weekly at 5642, ___ So.3d at ___. Likewise here, the decision of the circuit court does not deprive Duncan of her day in court and does not foreclose her from prevailing on the merits of her complaint.
Motion denied.