293 So.2d 389 (1974)
POINTER OIL COMPANY, a Corporation, Appellant,
v.
BUTLER AVIATION OF MIAMI, INC., d/b/a Air International, Appellee.
No. 73-1266.
District Court of Appeal of Florida, Third District.
April 23, 1974.
*390 Richard W. Aschenbrenner, Jones & Blitstein, Miami, for appellant.
Miller & Russell, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and CARROLL, JJ.
PER CURIAM.
The appellee filed a complaint against the appellant, containing two counts. The first presented a claim for $13,328.19 on account stated. In the second, alleging it was the assignee of a claim against the defendant held by a certain other corporation, the plaintiff sought recovery of $420 on account stated. A motion by the defendant to dismiss the complaint was denied as to the first count and was granted as to the second count. The defendant answered to the first count, admitting the qualifying allegations and denying the alleged obligation.
Thereafter, on motion of the plaintiff for summary judgment, the court granted the motion as to $8,576.54 of the $13,328.19 claimed by the plaintiff and denied the motion as to the balance of plaintiff's claim, amounting to $4,754.65, with regard to which disputes of the parties created triable issues.
A partial summary judgment was entered against the defendant for said sum of $8,576.54, together with costs to be taxed. Defendant's motion for new trial was denied by an order in which the designation of the judgment as a partial summary judgment was changed to "Partial Final Judgment."
On appeal therefrom the appellant contends: "The circuit court erred in entering what purported to be a partial final judgment as said court had not disposed of the entire controversy between the parties." The contention has merit. See Fontainebleau Hotel Corp. v. Yount, Fla.App. 1964, 162 So.2d 303.
Although improperly entered at that stage of the case, the partial summary judgment was final in form and therefore was appealable, so that a failure to have appealed therefrom would have precluded further review of that judgment. It was so held in a similar circumstance in Wabash Life Insurance Company v. Rosenberg, Fla.App. 1965, 177 So. 538.
As stated in the above cited cases, there should be only one final judgment. When, on motion of a plaintiff for summary judgment, the court determines that some but not all of the issues may be determined summarily, that is, that summary *391 judgment is not to be rendered upon the whole of the case or as to all of the relief sought by the pleadings, the procedure to be followed is set out in subparagraph (d) of Rule 1.510 F.R.C.P., 31 F.S.A. An interlocutory order should be entered specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. At such time as the remaining issues have been determined, the final judgment entered should include the amounts or damages which the court previously has determined the plaintiff is entitled to recover.
On authority of Fontainebleau Hotel Corp. v. Young, supra, and for the reasons therein stated, the judgment entered herein for part of the plaintiff's claim is reversed, without prejudice to the plaintiff to assign error with relation thereto in event of appeal from the judgment entered following trial or other disposition of the remaining undetermined issues or claims.
It is so ordered.