399 So.2d 130 (1981)
B.F. SAUL, II, and Garland J. Bloom, Jr., As Trustees of the B.F. Saul Real Estate Investment Trust, Appellants,
v.
Harry BASSE; Donald J. Delbene and Virginia Delbene, His Wife; Earl M. Zimmerman and Anna Mae Zimmerman, His Wife; Abert S. Davis and May Davis, His Wife; W. David Corbett; Ben Kassen and Lillian Kassen, His Wife; Max H. Baltz and Florence Baltz, His Wife; Maurice Herrmann and Rebecca Herrmann, His Wife; Grace Von Losberg; Marjorie L. Loeb a/K/a Marjorie L. Scheutz; Anacelto D. Giachetti; Donald Nash and Margaret Nash, His Wife; Sidney Bank and Judith Bank, His Wife; Raymond S. Short and Maude F. Short, His Wife; Muriel T. Ericson; Leland E. Juhl and Alice Juhl, Husband and Wife; Ann F. Jones; Aubrey H. Russell and Faye V. Russell, Husband and Wife; Betty Jane Milligan; Lester Saphier; David M. Jordan; Gary W. Moehle; and Robert Schlutz and Marilyn Schlutz, Appellees.
No. 80-438.
District Court of Appeal of Florida, Second District.
June 3, 1981.
*131 Erik C. Larsen of O'Neill, Dyer, Bogner & Larsen, P.A., Orlando, and Leslie A. Nicholson, Jr., and Robert M. Gordon, of Shaw, Pittman, Potts & Trowbridge, Washington, D.C., for appellants.
Robert P. Rosin of Rosin, Abel, Band, Brown & Russell, Sarasota, for appellees.
OTT, Judge.
Following entry of final judgment in this declaratory relief action, the trial court ordered appellants to pay a fee to appellees' attorney. We reverse that order.
The original developer of Dolphin Towers, a Sarasota condominium complex, retained title to the recreation areas, which *132 were then leased to the association of condominium owners for 99 years. By a series of assignments, appellants succeeded to the interest of the developer. Appellants also held a mortgage on the entire complex, securing the loan for construction. They foreclosed that mortgage against everyone, including the association of condominium owners and excluding only the individual unit owners. Appellants purchased the property at the foreclosure sale "free and clear of all liens, claims, or interest."
Appellants then attempted to enforce the 99-year lease of the recreation areas, but the unit owners refused to pay rent and brought this action seeking a declaration that the foreclosure sale terminated the lease. During the pendency of the action the trial court ruled that the "prevailing party" would be entitled to an attorney's fee under section 718.303, Florida Statutes.[1]
In 1979 a final judgment was entered in favor of appellees, declaring that the 99-year lease had been terminated by the foreclosure sale, and further providing that appellees were entitled to attorneys' fees, with the court reserving jurisdiction to set the amount of the fee. Appellants appealed that judgment to this court, but voluntarily dismissed it. Saul v. Basse, 377 So.2d 179 (Fla.2d DCA 1979). Subsequently, the trial court held a hearing and entered a "Supplemental Final Judgment" awarding appellees' attorney a fee of $22,800.
The award of a fee was error because (1) this lawsuit had nothing whatever to do with the litigation addressed by section 718.303, namely actions between unit owners and/or their condominium associations for breach of the statutory or contractual provisions governing such associations, (2) no other law, and no contract between the parties, permits the assessment of such a fee, and (3) in the absence of statutory or contractual authority, parties to litigation must pay their own attorneys' fees. Fred Howland, Inc. v. Gore, 152 Fla. 781, 13 So.2d 303, 309 (1943).
Although never argued to the trial court, appellees now assert that the award was proper because appellants' cross-complaint was for rent due under the lease, which contained a provision for attorneys' fees for appellants had they prevailed. Therefore argue appellees, a fee for their own attorney for successfully resisting the cross-complaint is authorized by section 718.125, Florida Statutes. It's a bit late for appellees to advance such an argument, but in any event it has no merit because section 718.125, enacted in 1978, could not operate to alter the obligations of the 1974 lease involved here. Commodore Plaza at Century 21 Condominium Association v. Cohen, 378 So.2d 307, 309 (Fla. 3d DCA 1980).
Our conclusion that the award of fees was error is not completely dispositive of this appeal. Appellees contend that appellants waived that error when they dismissed their appeal from the final judgment, which had established appellees' entitlement to the fee and reserved for adjudication only the amount to be awarded. The flaw in that reasoning is that it disregards well established precedent.
Whether a judgment is final or merely interlocutory is not determined by its title. Nowlin v. Pickren, 131 So.2d 894, 895 (Fla. 2d DCA 1961). An award of attorneys' fees may be made after entry of a judgment finally determining the merits of a controversy, and that award is sufficiently *133 substantive, per se, to support an independent appeal not related to the final judgment previously rendered. Department of Citrus v. Griffin, 332 So.2d 54, 57 (Fla. 2d DCA 1976). Here, the question is whether the final judgment on the merits of the case was also a final adjudication of appellants' liability for a fee for appellees' attorney. Generally, if a court reserves jurisdiction to make further adjudications, the judgment is only interlocutory. Olin's, Inc. v. Avis Rental Car System, 100 So.2d 825, 826 (Fla. 3d DCA 1958). We hold that the final judgment entered in 1979 was only interlocutory insofar as it concerned attorneys' fees.
The question remains whether the interlocutory order regarding fees was appealable under rule 9.130(a)(3)(C)(iv), Rules of Appellate Procedure (1977), since it purports to determine liability for the fee, and is in favor of appellees. We need not answer that question because in any event an appeal from a final order calls up for review all necessary interlocutory steps leading to the final order, whether they were separately appealable or not. Auto-Owners Insurance Co. v. Hillsborough County Aviation Authority, 153 So.2d 722, 724 (Fla. 1963). In other words, failure to utilize the right to take an interlocutory appeal does not restrict the scope of appellate review when the final order is appealed. Rule 9.130(g), Fla.R.App.P. (1977).
If appellants had prosecuted their previous appeal to a decision on the merits, it is unarguable that they would not be entitled to a second appeal of any portion of that judgment, whether final or interlocutory. In that event, the scope of any appeal from the subsequent award of a specific fee would necessarily be restricted to questioning the reasonableness of the fee or the propriety of the proceedings taken in connection with setting it.
But here, as we have noted, the first appeal was dismissed, thereby precluding an adjudication on the merits. In legal effect, it was just as though the appeal had never been taken. Upon the dismissal those portions of the judgment which were final in nature became final; those that were interlocutory remained interlocutory, subject to review on the appeal from the subsequent monetary award.
We conclude that the present appeal was timely and, for the reasons expressed herein, the order granting the fee to appellees' attorney is REVERSED.
HOBSON, Acting C.J., and DANAHY, J., concur.
NOTES
[1] Obligations of owners.
(1) Each unit owner and each association shall be governed by, and shall comply with the provisions of, this chapter, the declaration, the documents creating the association, and the association bylaws. Actions for damages or for injunctive relief, or both, for failure to comply with these provisions may be brought by the association or by a unit owner against:
(a) The association.
(b) A unit owner.
(c) Directors designated by the developer, for actions taken by them prior to the time control of the association is assumed by unit owners other than the developer.
(d) Any director who willfully and knowingly fails to comply with these provisions. The prevailing party is entitled to recover reasonable attorney's fees. This relief does not exclude other remedies provided by law.