454 So.2d 576 (1984)
LAKEVIEW TOWNHOMES CONDOMINIUM ASSOCIATION, INC., Appellant,
v.
EAST FLORIDA DEVELOPMENT CORPORATION, Michael Stein, David Schwadron, Owen Goldwyn, Gioia & Attardi, Appellees.
No. 83-2421.
District Court of Appeal of Florida, Third District.
May 15, 1984.
Rehearing Denied September 12, 1984.
*577 Paul R. Lipton, North Miami Beach, for appellant.
Mershon, Sawyer, Johnston, Dunwody & Cole and Guy W. Harrison, Miami, for appellees.
Before SCHWARTZ, C.J.,[*] and BARKDULL and DANIEL S. PEARSON, JJ.
BARKDULL, Judge.
This is an appeal from a final order dismissing with prejudice certain counts of a complaint as amended as directed to the individual defendants, Michael Stein, David Schwadron and Owen Goldwyn.
East Florida Development Corp. was the developer of the Lakeview Townhomes Condominiums. Gioia & Attardi was the contractor. The individual defendants, Michael Stein, David Schwadron, and Owen Goldwyn were the developer's corporate officers. They were also the first officers and directors of the Lakeview Townhomes Condominium Association.
The Association alleged fraudulent misrepresentations were made to the ultimate purchasers concerning both the common areas and the individual units. In addition the Association alleged that the individual defendants breached a duty, owed to the condominium purchasers in their capacity as the first officers of the Association, to require East Florida Development to correct those things which were not as they were represented they would be. The trial court dismissed the counts of the Association's complaint alleging fraud and breach of fiduciary duty.[1] We affirm.
*578 The Supreme Court of Florida has consistently held that a class action by an association such as the plaintiff will not lie for alleged fraud on its individual members. Cherin v. Southern Star Land and Cattle Company, Inc., 400 So.2d 1 (Fla. 1981); Avila South Condominium Association v. Kappa Corporation, 347 So.2d 599 (Fla. 1977); Osceola Groves v. Wiley, 78 So.2d 700 (Fla. 1955). Therefore the trial court was correct in dismissing Count V. As to the dismissal of Count VI, this dismissal was appropriate under this court's ruling in Olympian West Condominium Association, Inc. v. Kramer, 427 So.2d 1039 (Fla. 3d DCA 1983). Therefore for the reasons above stated the final order of dismissal be and the same is hereby affirmed.[2]
Affirmed.
DANIEL S. PEARSON, Judge, dissenting.
I would reverse the dismissal of Count V on the authority of Frankel v. City of Miami Beach, 340 So.2d 463 (Fla. 1976), and Lance v. Wade, 424 So.2d 161 (Fla. 3d DCA 1983), rev. granted, 457 So.2d 1008 (Fla.S.Ct. 1983).
NOTES
[*] Participated in decision, but not oral argument.
[1] The order as amended reads as follows:

ORDER AND ADJUDGED:
1. That portion of Count V which alleges that the Defendants fraudulently induced individual members of the Association to purchase condominium units is dismissed with prejudice. The Association has no standing to bring a class action on behalf of individual unit owners for fraud on separate purchase contracts, regardless of whether the alleged misrepresentations concern common elements or individual units. Avila South Condominium Association, Inc. v. Kappa Corp., 347 So.2d 599, 608-609 (Fla. 1977).
2. That portion of Count V purporting to state a claim for fraud allegedly perpetrated on the Association itself is Dismissed for failure to allege reasonable reliance on the alleged misrepresentations by the Association itself as opposed to reliance by individual purchasers. Avila, supra, at 608-609. Plaintiff's ore tenus Motion for Leave to Amend this portion of Count V is Granted. Plaintiff shall serve its Amended Complaint within twenty (20) days of the entry of this Order. Defendants shall serve their response within twenty (20) days of service of the Amended Complaint.
3. Count VI, which purports to state a cause of action for breach of fiduciary duty against the Defendants, is Dismissed with prejudice. It is alleged that the individual Defendants were principals of the corporate developer-builder who also served, pursuant to the designation of the developer, as directors of the Lakeview Townhomes Condominium Association, Inc. prior to the assumption of control by the unit owners. The claim that the individual Defendants breached their fiduciary duty arises from and is based upon the existence of, or the failure to correct construction defects in the condominium which were allegedly created by the developer itself. "The principals of the corporate developer/builder who serve, pursuant to the designation of the developer, as directors of the condominium association, prior to the assumption of control by the unit owners, are not personally liable in that latter capacity to the association for the existence of, or the failure to correct construction defects in the condominium building which are allegedly created by the developer itself." Olympian West Condominium Association, Inc. v. Kramer, et al., 427 So.2d 1039 (3rd DCA 1983).
[2] We have jurisdiction of this appeal even though the matter continued in the trial court as to the other defendants on the first four counts of the complaint, as amended, because the order under review finally disposed of all claims against the individual defendants. See, e.g. Mortgage Guarantee Insurance Corp. v. Stewart, 427 So.2d 776 (Fla. 3d DCA 1983); Clermont Builders Supply, Inc. v. General Construction & Design, Inc., 423 So.2d 518 (Fla. 5th DCA 1982); Hamer v. Kahn, 404 So.2d 847 (Fla. 4th DCA 1981). Cf. Niesz v. Morgan Building Co., Inc., 401 So.2d 822 (Fla. 5th DCA 1981).