512 So.2d 315 (1987)
Maria DEL CASTILLO, Appellant,
v.
RALOR PHARMACY, INC., d/b/a Farmacia Plex, Appellee.
No. 86-1023.
District Court of Appeal of Florida, Third District.
September 15, 1987.
*316 Herbert Stettin and Alberto Ordonez, Miami, for appellant.
Harvey D. Rogers, Miami, for appellee.
Before SCHWARTZ, C.J., and HENDRY and FERGUSON, JJ.
SCHWARTZ, Chief Judge.
The result of this case turns upon the appellant's failure timely and appropriately to pursue review of the orders of which she now complains.
The cause began on September 22, 1982, when the appellee Ralor Pharmacy, Inc. filed an action against the appellant Del Castillo, one of its stockholders, demanding compensatory and punitive damages for *317 the alleged conversion of corporate assets.[1] Del Castillo answered with a denial and affirmative defenses and brought both a compulsory counterclaim against Ralor for fraud in the same transaction and a third-party action against Ramon Alonso, the principal of the plaintiff-corporation, individually. On January 11, 1983, the trial court dismissed both the counterclaim and the third-party action against Alonso with prejudice. That order was timely appealed on February 2, 1983, as a plenary appeal which was assigned Case No. 83-249 in this court. The plaintiff then filed a motion for summary judgment on the issue of compensatory damages alone. The motion was granted in an April 21, 1983 order which was styled a "partial summary judgment,"[2],[3] but specifically provided for the plaintiff's recovery of amounts certain in compensatory money damages and attorney's fees and for the issuance of execution (which was in fact attempted without success) upon those sums. The order reserved jurisdiction to consider the undisposed of claim for punitive damages.[4] Ms. Del Castillo then filed a timely appeal, Case No. 83-1144, to this court from the April 21, 1983 order. On August 2, 1983, we dismissed both pending appeals  no. 83-249 from the January 10, 1983 order and no. 83-1144 from that of April 21, 1983  for lack of prosecution without consideration of the merits. Nothing further occurred on the case for over two-and-a-half years until March 28, 1986, when, pursuant to a stipulation in which the plaintiff, Ralor, agreed to drop its still outstanding punitive damages claim, the trial court entered a so-called "final judgment incorporating *318 stipulation."[5],[6] The present appeal is taken from that order on the theory that, having disposed of the last remaining claim, it constitutes a reviewable final judgment.[7]
In this proceeding, Del Castillo's brief and oral argument claim error, not in the judgment itself, but only in the January 10, 1983 order dismissing the third-party action and the counterclaim, and the April 21, 1983 "partial summary judgment" for monetary relief  both of which were the subject of previously terminated appeals. We agree with Ralor that the appellant cannot prevail as to any of these contentions because we lack authority now to consider them. Treating the claims in logical, though not necessarily chronological order:
1. There is no question that the order dismissing the third-party complaint, which finally disposed of the action as to the third-party defendant Alonso, was a final, appealable judgment as to him. New Hampshire Ins. Co. v. Petrik, 343 So.2d 48 (Fla. 1st DCA 1977); Fla.R.App.P. 9.110(k); see Lakeview Townhomes Condominium Ass'n v. East Florida Corp., 454 So.2d 576 (Fla. 3d DCA 1984); Phillips v. Ostrer, 442 So.2d 1084 (Fla. 3d DCA 1983); Let's Help Florida v. DHS Films, Inc., 392 So.2d 915 (Fla. 3d DCA 1980); Logan v. Flood, 346 So.2d 1243 (Fla. 1st DCA 1977). It was therefore reviewable only by timely appeal within 30 days of the order itself. Del Castillo's rights as to that order were doomed when that appeal was aborted. This court may not consider its propriety on this subsequent un timely appeal.
2. Although the chain of reasoning is somewhat more complex, we reach the same jurisdictional conclusion as to the ruling which is the primary focus of Del Castillo's attack upon the proceedings below, the April 21, 1983 summary judgment fixing compensatory damages and attorney's fees. As a general rule, a final judgment is deemed to be rendered, almost as a matter of definition, only when the court has disposed of the entire controversy in *319 question.[8],[9] See Central Hanover Bank & Trust Co. v. Pan American Airways, 126 Fla. 736, 171 So. 808 (1937); Saul v. Basse, 399 So.2d 130 (Fla. 2d DCA 1981); Olin's, Inc. v. Avis Rental Car Sys., 100 So.2d 825 (Fla. 3d DCA 1958). Just because this is the theoretical case, it is therefore improper to render an order in the form of an ordinary final money judgment, while contradictedly and simultaneously leaving an issue for future adjudication. Fontainebleau Hotel Corp. v. Young, 162 So.2d 303 (Fla. 3d DCA 1964), aff'd, 172 So.2d 282 (Fla. 3d DCA 1965); accord Liberman v. Rhyne, 248 So.2d 242 (Fla. 3d DCA 1971), cert. denied, 252 So.2d 798 (Fla. 1971); Pointer Oil Co. v. Butler Aviation, Inc., 293 So.2d 389 (Fla. 3d DCA 1974). Thus, there is no question of the impropriety of the April 21, 1983 order which provided for the plaintiff's recovery of specified money damages and ordered execution,[10] while at the same time retaining jurisdiction over the punitive damages issue.[11] But, and here is finally the point, because such an order appears, however erroneously, to be, or have the attributes of a "true" final judgment, it is deemed to have taken on the characteristic of such a judgment[12] which requires review by immediate appeal. This court specifically so stated in Pointer Oil, 293 So.2d at 390:
Although improperly entered at that stage of the case, the partial summary judgment was final in form and therefore was appealable, so that a failure to have appealed therefrom would have precluded further review of that judgment. It was so held in a similar circumstance in Wabash Life Insurance Company v. Rosenberg, Fla.App. 1965, 177 So. 538.
*320 In sum, the lower court should not have entered the order in the form it did, but when it did, an appeal became necessary. That timely taken, but failed proceeding was the only means for securing relief from the order. We cannot review it now.
3. This leaves for consideration the dismissal of the counterclaim. Since, as we have noted, the counterclaim was a compulsory one, the order dismissing it was merely interlocutory and was not then subject to appeal.[13] See Taussig v. Insurance Company of North America, 301 So.2d 21 (Fla. 2d DCA 1974); Bumby & Stimpson, Inc. v. Peninsula Utils. Corp., 179 So.2d 414 (Fla. 3d DCA 1965). Instead, like all non-final orders, it is deemed to have merged into, and is properly reviewable on appeal from the appropriate later final judgment. Auto Owners Ins. Co. v. Hillsborough County Aviation Auth., 153 So.2d 722 (Fla. 1963); Bettez v. City of Miami, 510 So.2d 1242 (Fla. 3d DCA 1987); Saul v. Basse, 399 So.2d at 130; Johnson v. Johnson, 674 P.2d 539 (Okla. 1983); Tunnell v. Otis Elevator Co., 404 S.W.2d 307 (Tex. 1966). The troublesome aspect of this case is that there are two papers which may qualify as the "final judgment" under this rule. Choosing between the two candidates, it seems clear that the counterclaim was a "necessary interlocutory [step] leading to [the] final order" of April 21, 1983. Saul v. Basse, 399 So.2d at 133. Obviously, an appropriate claim of error in the entry of that summary judgment would have been the contention that her counterclaim should not have been dismissed, resulting, if accepted, in a reversal of that money judgment for the plaintiff. Having failed to pursue the appeal of that judgment, Del Castillo may not now secure review of a preliminary order which was subsumed into it.[14]
Since no error has been demonstrated or claimed in any aspect of the final judgment which we have jurisdiction and authority to consider, it is
Affirmed.
NOTES
[1] The complaint, which was filed also against a corporation and another person who are no longer involved in the litigation, sought in addition equitable relief which was resolved by agreement.
[2] The order in question reads as follows:

PARTIAL SUMMARY JUDGMENT
THIS CAUSE coming before the Court on March 3, 1983 on Plaintiff's and Defendant's Motion for Summary Judgment, the Court having reviewed the Court file, pleadings, Affidavits and Depositions and being fully advised in the premises therein, it is:
ORDERED AND ADJUDGED:
1. That all matters and claims involving the Defendant, G.A.L., INC., are hereby stayed pursuant to Order of the U.S. Bankruptcy Court of the Southern District of Florida.
2. The Court finds that the Defendants MARIA DEL CASTILLO and RAFAEL LORENZO, converted the assets of the Plaintiff and utilized the same for their own use and benefit, and denies the Defendant's CASTILLO Motion for Summary Judgment.
3. That subsequent to the conversion of said assets, the Defendants LORENZO and CASTILLO, utilized the entity of G.A.L., INC., for the purpose of managing said assets. The Court makes no finding as to the liability for damages of Defendant G.A.L., INC., and reserves jurisdiction for the entry of any Judgment as to liability subsequent to the action taken by the aforementioned Bankruptcy Court.
4. That the Plaintiff, RALOR PHARMACY, INC., recovers from the Defendants RAFAEL LORENZO and MARIA DEL CASTILLO the sum of NINETY TWO THOUSAND THREE HUNDRED AND SEVENTY FOUR ($92,374.00) DOLLARS as damages, SIX THOUSAND THREE HUNDRED-00/100 ($6,300.00) DOLLARS, as reasonable attorney's fees incurred to date and TWO HUNDRED FIFTY TWO 00/100 ($252.00) DOLLARS as costs incurred to date for which let execution issue.
5. The Court specifically reserves jurisdiction for the entry of a Judgment as to the punitive relief prayed for by the Plaintiff against the Defendants.
[3] Since the "partial summary judgment" did not adversely affect the rights of the plaintiff corporation under the previous order of January 11, cf. Liberman v. Rhyne, 248 So.2d 242 (Fla. 3d DCA 1971), cert. denied, 252 So.2d 798 (Fla. 1971), and because the first appeal was a plenary, rather than a non-final one, see Fla.R.App.P. 9.130(f), we do not consider that the pendency of that initial appeal deprived the lower court of jurisdiction to enter the order of April 21, 1983.
[4] We do not decide whether the specific reservation of jurisdiction was indispensable to the trial court's later disposition of the remaining punitive damages claim. See infra note 6.
[5] This document provides:

FINAL JUDGMENT INCORPORATING STIPULATION
THIS CAUSE coming before the Court for Jury Trial on the issue of Punitive Damages, the parties having entered into a Stipulation and the Court having approved said Stipulation and being fully advised in the premises therein, it is:
ORDERED AND ADJUDGED:
1. That the parties have agreed that the Plaintiff may waive the claim for Punitive Relief against the Defendant, MARIA DEL CASTILLO and it is agreed that the waiver is without prejudice to the Plaintiff.
Since this order was obviously favorable to the defendant-appellant and was entered simply to create a "final judgment" (that is, one in which the controversy between the parties has been brought to an end) from which she could appeal, it may be that she is precluded from doing so under the doctrine that a party may not secure review of a judgment entered at his instance and request. See Hawkins v. Perry, 146 Fla. 766, 1 So.2d 620 (1941); Rubin v. Gordon, 165 So.2d 824 (Fla. 3d DCA 1964); cf. Lauda v. H.F. Mason Equip. Corp., 407 So.2d 392, 394 n. 5 (Fla. 3d DCA 1981). The manner of our disposition of the case makes it unnecessary further to pursue this possibility.
[6] Particularly in the light of the reservation of jurisdiction in the "partial summary judgment," see supra note 4, the court had jurisdiction over the remaining punitive damages claim and the cause as a whole notwithstanding the compensatory "judgment" of April 21, because the entire controversy had not been disposed of in the earlier order. (There is no doubt that the compensatory and punitive damages claims are part of one non-divisible case.) By contrast, in Rob-Cor, Inc. v. Ines, 512 So.2d 320, (Fla. 3d DCA 1987), the court had jurisdiction to consider a separate count of the complaint because it involved a distinct controversy under Mendez v. West Flagler Family Ass'n, 303 So.2d 1 (Fla. 1974), from the one disposed of in an earlier judgment.
[7] While we are not disposed to dispute the validity of this view as a technical matter, the real issues are what matters are properly subject to review in an appeal from such a judgment. See also supra note 5.
[8] The question of what is a separate "controversy" for these purposes is itself the subject of an entire body of intricate appellate law. See Mendez v. West Flagler Family Ass'n, 303 So.2d 1 (Fla. 1974); Rob-Cor, Inc. v. Ines, 512 So.2d 320 (Fla. 3d DCA 1987); Fla.R.App.P. 9.110(k) (disposition of less than all counts of action); Ryder Truck Lines v. Pough, 392 So.2d 590 (Fla. 3d DCA 1981) (proper treatment of compulsory and permissive counterclaims).
[9] As we have seen, the conclusion of a case as to a particular party or parties itself constitutes a final judgment.
[10] Even when execution does not issue, a pre-final-disposition money "judgment" is improper. Wabash Life Ins. Co. v. Rosenberg, 177 So.2d 538 (Fla. 3d DCA 1965) (Carroll, J., specially concurring), prohib. denied, 184 So.2d 889 (Fla. 1966).
[11] The correct form of such a ruling was set out in Pointer Oil, 293 So.2d at 390:

When, on motion of a plaintiff for summary judgment, the court determines that some but not all of the issues may be determined summarily, that is, that summary judgment is not to be rendered upon the whole of the case or as to all of the relief sought by the pleadings, the procedure to be followed is set out in subparagraph (d) of Rule 1.510 F.R.C.P., 31 F.S.A. An interlocutory order should be entered specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. At such time as the remaining issues have been determined, the final judgment entered should include the amounts or damages which the court previously has determined the plaintiff is entitled to recover.
[12] Although the expression "partial final judgment" has been used both in this context, Pointer Oil, 293 So.2d at 390, and as to the Mendez issue, see Fla.R.App.P. 9.110(k), to describe eccentric orders of this kind, we believe that since there is no such thing as a judgment which is both partial and final, the term may be an unhelpful oxymoronic one which should not be employed. In our view, a Mendez-Rob-Cor-type judgment is appropriately characterized instead as a final judgment disposing of a separate controversy between the parties. See supra note 8. In other words  and I think this is the basis of the Mendez-Rob-Cor rule  claims, such as those in Counts I and II of the complaint in Rob-Cor, could as well and quite properly have been maintained in entirely separate actions. In that instance, a final judgment in the first case could obviously not affect the trial court's jurisdiction to dispose of the second one. (It would likewise not bar the second case under that aspect of the res judicata doctrine which forbids splitting a cause of action. See Greenstein v. Greenbrook, Ltd., 443 So.2d 296 (Fla. 3d DCA 1983).) The same rule is correctly deemed to apply when, as in Rob-Cor, two distinct causes of action are contained in the same complaint.

In the present case, we will not attempt to resolve the apparently insoluble conundrum of whether an order like the one entered on April 21, 1983, is a final one, because like all final judgments, it must be appealed from, or is not final, because like all non-final judgments, it does not dispose of the entire case between the parties. Instead, we merely describe and apply the legal consequences of the "thing" entered on April 21, 1983, with which we are concerned.
[13] Thus, the appeal, no. 83-429, which was taken at the time, was a nullity insofar as it sought review of the unappealable dismissal of the counterclaim.
[14] Out of an overabundance of caution, we have reviewed the counterclaim and find that it was properly dismissed on the merits. 27 Fla.Jur.2d Fraud and Deceit § 24 (1981).