512 So.2d 320 (1987)
ROB-COR, INC., a Florida Corp., d/b/a the Shop for Pappagallo, Appellant,
v.
William G. INES, Individually and d/b/a Video Images, Appellee.
No. 86-3093.
District Court of Appeal of Florida, Third District.
September 15, 1987.
*321 Robinson & Greenberg and Carol L. Cox, Coral Gables, for appellant.
Klein & Tannen; Cooper, North Miami Beach, Wolfe & Bolotin and Sharon Wolfe, Miami, for appellee.
Before SCHWARTZ, C.J., and BASKIN and DANIEL S. PEARSON, JJ.
BASKIN, Judge.
Rob-Cor, Inc. [Rob-Cor], challenges the trial court's denial of its motion to vacate final judgment. Rob-Cor claims that the trial court lacked jurisdiction to enter a final judgment in favor of appellee William G. Ines because it had previously entered a final judgment when it disposed of one count of the two-count counterclaim. The issue for resolution is whether the entry of a final judgment deciding the merits of one count of a counterclaim, but failing to address the other count, deprives the trial court of jurisdiction to dispose of the second count at a later time. We hold that the first final judgment disposed of a distinct and separate claim, Mendez v. West Flagler Family Ass'n, Inc., 303 So.2d 1 (Fla. 1974), and that the trial court had continuing jurisdiction to rule on the separate and independent remaining controversy.
Rob-Cor instituted an action against Ines for conversion of shoes it furnished for Ines' use in producing a video advertisement for Rob-Cor. Ines filed a two-count counterclaim seeking payment for production of one video and damages stemming from reliance on misrepresentations made by Rob-Cor to induce Ines to produce other videos. Upon consideration of Ines' motion for summary judgment, the trial court entered a final judgment on May 8, 1986, ruling against Rob-Cor on its complaint and deciding in favor of Ines on Count I of his counterclaim. When Ines subsequently moved for summary judgment on Count II, the trial court granted the motion and entered a final judgment on July 9, 1986. Rob-Cor moved to vacate the July 9th judgment claiming, among other things, that the trial court lacked jurisdiction to enter the second judgment. The trial court denied the motion, and Rob-Cor appealed.
Rob-Cor presents three reasons in support of its claim that the trial court lost jurisdiction: 1) the May 8th judgment did not reserve jurisdiction, 2) the May 8th judgment contained words of finality, and 3) the time for altering, modifying, or vacating the judgment had expired. Ines maintains that the May 8th judgment, despite its words of finality, is not really a final judgment because it does not dispose of all claims; thus, argues Ines, the trial court had jurisdiction to enter the July 9th judgment. We find that both parties misapprehended the nature of the May 8th judgment.
The May 8th judgment is a final judgment disposing of one count of the complaint. In the seminal case recognizing the validity of separate final judgments, the supreme court authorized an appeal from a summary final judgment which addressed only one count of a multi-count complaint where the judgment dealt with a distinct and independent claim. Mendez, 303 So.2d at 5. See also S.L.T. Warehouse Co. v. Webb, 304 So.2d 97 (Fla. 1974). The supreme court noted that although
[t]he general rule is that a judgment, order or degree [sic] to be appealable as final must dispose of all issues or causes in the case, ... the rule is relaxed where the judgment, order or decree adjudicates a distinct and severable cause of action.

Mendez, 303 So.2d at 4 (quoting Duncan v. Pullum, 198 So.2d 658, 660-61 (Fla. 2d DCA 1967)) (emphasis in original).
*322 In Mendez, the supreme court determined that the multi-count complaint contained a separate and distinct claim for fraud and that judicial labor had ended as to that count. The supreme court ruled that the losing party could appeal after the entry of the final judgment on that count without waiting for adjudication of the pending claims.[1] Implicit in the Mendez holding is the trial court's retention of jurisdiction to dispose of pending claims that are separate and independent from those adjudicated in the initial final judgment. See Del Castillo v. Ralor Pharmacy, Inc., 512 So.2d 315 (Fla. 3d DCA 1987).
Ines alleged two distinct and independent claims in his counterclaim: one claim based on breach of contract and the other predicated on fraud. These claims arose from different facts. The fraud claim relates to misrepresentations which occurred prior to the formulation of the contract; the contract claim evolves from a breach alleged to have occurred after the contract was performed. Thus, the claims are demonstrably distinct and subject to the Mendez rule. We therefore hold that entry of the May 8th judgment did not divest the trial court of jurisdiction to rule on the pending claims.
Appellant's remaining point lacks merit.[2]
Affirmed.
NOTES
[1] Under rules which became effective on January 1, 1985, partial final judgments may be appealed immediately, Fla.R.App.P. 9.110, or after entry of the final judgment concluding the entire case. Fla.R.App.R. 9.110(k). See Kirkland v. State, Dept. of Health & Rehabilitative Servs., 489 So.2d 800 (Fla. 1st DCA 1986); Bay & Gulf Laundry Equip. Co. v. Chateau Tower, Inc., 484 So.2d 615 (Fla. 2d DCA 1985).
[2] Rob-Cor erroneously relies on Patin v. Popino, 459 So.2d 435 (Fla. 3d DCA 1984); Hartford Accident & Indem. Co. v. Smith, 366 So.2d 456 (Fla. 4th DCA 1978); Church v. Church, 338 So.2d 544 (Fla. 3d DCA 1976), disapproved in part, Duncan v. Duncan, 379 So.2d 949 (Fla. 1980); and Frumkes v. Frumkes, 328 So.2d 34 (Fla. 3d DCA 1976), to support the proposition that a trial court lacks jurisdiction to adjudicate further matters when the court fails to reserve jurisdiction to consider those matters. In each of those cases, the trial court had ruled on the merits of the parties' claims, except for those relating to attorney's fees. Attorney's fees claims are generally afforded consideration under the trial court's continuing jurisdiction as collateral and independent claims. See generally Cheek v. McGowan Elec. Supply Co., 511 So.2d 977 (Fla. 1987); Finkelstein v. North Broward Hosp. Dist., 484 So.2d 1241 (Fla. 1986).