555 So.2d 368 (1989)
Thomas J. NORTHCUTT, Appellant,
v.
PATHWAY FINANCIAL, Hemlock Federal Savings, United Savings Associates of America, Security Savings & Loan Association, and Bohemian Savings & Loan Association, Appellees.
No. 88-2475.
District Court of Appeal of Florida, Third District.
September 19, 1989.
Rehearing Denied December 18, 1989.
*369 Greenfield & DuVal and Leo Greenfield, North Miami, for appellant.
Paul, Landy, Beiley & Harper and Barry D. Hunter, Miami, for appellees.
Before BARKDULL and COPE, JJ., and JOSEPH P. McNULTY, Associate Judge.
COPE, Judge.
Appellant is defendant below in a suit on a guaranty. The trial court entered a partial summary judgment striking several of defendant's affirmative defenses, and defendant's counterclaim, on grounds of res judicata. As we conclude there is no appealable order, we dismiss the appeal.
The partial summary judgment strikes seven of the defendant's affirmative defenses. That portion of the partial summary judgment which strikes the affirmative defenses is a non-final, nonappealable order. Smith v. Glisson, 468 So.2d 394 (Fla. 3d DCA 1985).
The partial summary judgment also strikes defendant's counterclaim. The suit on the guaranty proceeds, of course, in contract. The counterclaim has two counts, one for an accounting and the other for fraud in the inducement. The accounting claim requests an accounting under the contract. It is a compulsory counterclaim to the contract claim and cannot be deemed a distinct or severable cause of action. See S.L.T. Warehouse Co. v. Webb, 304 So.2d 97, 100 (Fla. 1974) (citing Mendez v. West Flagler Family Ass'n, Inc., 303 So.2d 1 (Fla. 1974)); Rob-Cor, Inc. v. Ines, 512 So.2d 320, 321-22 (Fla. 3d DCA 1987); Del Castillo v. Ralor Pharmacy, Inc., 512 So.2d 315, 320 (Fla. 3d DCA 1987); Dennis v. Pavlakos, 464 So.2d 1323, 1324 (Fla. 5th DCA 1985); Ryder Truck Lines, Inc. v. Pough, 392 So.2d 590, 591 (Fla. 3d DCA 1981). The order under review is therefore a non-final, nonappealable order as to that count.
We conclude the counterclaim for fraud in the inducement is likewise a compulsory counterclaim and not a distinct or severable cause of action. The counterclaim includes events occurring both before and after the loan guaranty was entered into. Much of the substance of the counterclaim includes Northcutt's complaints about how the lender performed, or allegedly failed to perform, under the operative contract documents. There is a great deal of factual similarity between the counterclaim and Northcutt's affirmative defenses. The fraud in the inducement claim satisfies the logical relationship test for a compulsory counterclaim. Neil v. South Florida Auto Painters, Inc., 397 So.2d 1160, 1164 (Fla. 3d DCA 1981). It is intertwined and interrelated with the main claim. Miami-Dade Water & Sewer Authority v. Metropolitan Dade County, 469 So.2d 813, 814 (Fla. 3d DCA 1985). See generally Rudner v. Cabrera, 455 So.2d 1093, 1094-96 (Fla. 5th DCA 1984).
Appellant has suggested that dismissal is precluded by Mendez v. West Flagler Family Association. Mendez involved a complaint which contained two counts for breach of contract and a third count for fraud in connection with issuance of the policy. 303 So.2d at 2. The details of the fraud are not set forth. The Florida Supreme Court held that dismissal of the fraud count was appealable. In so doing the court emphasized the general rule of nonappealability of trial court rulings prior to final judgment, but recognized an exception for "a separate and distinct cause of action ... which is not interdependent with other pleaded claims... ." Id. at 5. The critical part of the court's analysis was that the breach of contract "had nothing to do with the alleged swindle in the original issuance of the policy." Id. The absence of any commonality of law and fact rendered the fraud count separate and severable. Mendez thus does not establish a bright line tort-contract distinction, but instead the analysis in each case hinges on whether there is factual and legal overlap between claims, or in the present case, between the complaint and counterclaim. Here, the claims are legally interrelated and in substance involve the same transaction, so that the counterclaim for fraud in *370 the inducement is a non-final, nonappealable order.
As the partial summary judgment is not appealable, the appeal is dismissed.