JORGENSON, Judge.
Leona Brown and Marilyn Tower, co-trustees of a trust that inherited an interest in a joint venture which owns over seventy acres of agricultural land in Southwestern Dade County, appeal from an order dismissing with prejudice their action for partition.[1] For the reasons that follow, we reverse.
The agreement which created the joint venture was executed in 1956. Pursuant to the terms of that agreement, each owner specifically waived the right to partition “for the duration of this agreement.” The agreement further provided that “[t]he death of a partner shall have such effect upon the partnership as is presently prescribed by the Florida Statutes Annotat *993 ed.”[2] Three of the original signatories to the agreement have died, and the heirs of one of those original owners sought to partition the property.
The trial court’s order of dismissal was error, as the count that was dismissed sufficiently stated a cause of action for partition. Although the parties to the joint venture agreement waived the right to partition, the terms of that waiver specifically provided that it was effective only for the duration of the joint venture. Under both the common law and the Uniform Partnership Act, the death of a partner dissolves the partnership, unless the parties agree otherwise. Fillyau v. Laverty, 3 Fla. 72 (1850); § 620.71, Fla.Stat. (1991). See also 8 Fla.Jur.2d Business Relationships § 543 (1978). Furthermore, because the joint venture agreement provided that the Florida Statutes in effect when it was signed would determine how the partnership would be affected by a partner’s death, section 733.37, Florida Statutes (1955) governs, and clearly mandates a timely winding up of the affairs of the partnership.
When at the time of his death, a partnership existed between the decedent and any other person, the surviving partner shall, in the absence of a partnership agreement providing otherwise, without delay, wind up and settle the business and the affairs of the partnership, account to the personal representative and pay over to him all balances due the estate. If, however, at date of the partner’s death, there existed a partnership agreement specifying the terms and conditions of termination of the partnership upon death of a partner, then such agreement shall be binding with respect to all matters, duties, rights and obligations relating to the partnership, including the determination of its final accounting period.
§ 733.37, Fla.Stat. (1955).
Although the surviving partners concede that the death of a partner triggers the dissolution of the partnership, they cite section 620.705, Florida Statutes (1991) for the proposition that the partnership does not terminate upon dissolution, but continues until the partnership winds up its affairs.[3] Although that proposition is correct, section 733.37, Florida Statutes (1955), quoted in full above, determines the effect that a partner’s death has on the 1956 joint venture agreement, and provides that “[t]he surviving partner shall, without delay, wind up and settle the business and the affairs of the partnership.” § 733.37, Fla. Stat. (1955) (emphasis added). The record at this early stage in the proceedings is silent as to the length of time that has elapsed since the deaths of the three partners, and is also silent as to what steps, if any, have been taken in that time to wind up the partnership matters. Whether the partnership has complied with its duties is yet to be determined. However, the argument that the partnership is entitled to wind up its affairs does not support the dismissal of the action for partition.
For the foregoing reasons, we reverse the order dismissing the action for partition, and remand for further consistent proceedings.
REVERSED AND REMANDED.

. The trustees sued for both partition and an accounting. The order on appeal dismissed the count for partition; the count for an accounting remains pending below against only Sheradsky, the trustee. No claims remain pending against either the Pasternaks or the Sterns. Accordingly, we have jurisdiction to review the order dismissing the action for partition. See Del Castillo v. Ralor Pharmacy, Inc., 512 So.2d 315 (Fla. 3d DCA 1987) (order dismissing third party complaint, which finally disposed of action as to third party defendant, was final appealable judgment as to him); Let’s Help Florida v. DHS Films, Inc., 392 So.2d 915 (Fla. 3d DCA 1980) (final judgment that totally disposes of case as to party or parties is final appealable order even if cause continues as to a codefendant).

. Joint ventures and partnerships are governed by the same rules of law, although they are separate legal relationships. Kislak v. Kreedian, 95 So.2d 510 (Fla.1957). "The outstanding difference between a joint adventure and a partnership is that the former relates to a single transaction, although it may comprehend a business to be continued over several years, while the latter relates to a general and continuing business of a particular kind, although there may be a partnership for a single transaction.” Kislak, 95 So.2d at 514.

. “On dissolution the partnership is not terminated, but continues until the winding up of partnership affairs is completed.” § 620.705, Fla.Stat. (1991).