FULMER, Judge.
The issues raised in these consolidated appeals arise out of separate lawsuits that were consolidated for trial. Impact Advertising, Inc. (Impact) was the plaintiff in the first lawsuit that was commenced against Florida Web Printing, Inc. (Florida Web) and Raymond M. Tompkins. Shortly thereafter, Florida Web sued Impact. Although the parties raise several issues, we find merit only in Impact’s claim that the trial court erred by granting Florida Web’s motion for partial summary judgment and entering a judgment thereon. We affirm in part and reverse in part.
In 1990, Impact filed a breach of contract action in Orange County against Florida Web. A few days later, Florida Web filed suit in Pinellas County against Impact for damages in the amount of $342,865.34, the amount Florida Web claimed Impact had failed to pay for its printing services. Impact pleaded setoff as an affirmative defense based on the matters raised in its Orange County suit. On March 3,1992, the trial court in the Pinellas County suit entered an “Order on Plaintiff’s Motion for Partial Summary Judgment” in favor of Florida Web in the amount of $198,960, the amount Impact admitted it owed Florida Web, without prejudice to Florida Web’s right to maintain its action against Impact for the balance of its claim. Thereafter, the trial court entered a partial summary judgment for $198,960 and $360.50 in costs, for a total of $199,320.50, together with interest at the rate of 12% per year. The phrase “for which let execution issue” was crossed out of the partial summary judgment by the trial judge.
The Orange County suit was transferred to Pinellas County and in April of 1993, the Pinellas County trial court consolidated the two suits for trial. In the June 1997 trial of the consolidated cases, the jury returned a verdict in favor of Impact in the amount of $546,333.61, which the trial court later reduced by remittitur to $471,368.88. The verdict awarded no additional damages to Florida Web. The trial court’s final judgment awarded Impact a net amount of $151,473.13. This amount represented the $471,368.88 jury award to Impact, offset by the $319,-895.75 that the trial court stated Impact owed Florida Web on the partial summary judgment award, of which $120,575.25 was accrued interest.
The trial court erred in granting Florida Web’s motion for partial summary judgment without addressing Impact’s affirmative defense of damages to Impact which could, and did, offset the amount awarded by the summary judgment. In the absence of some proof contradicting an affirmative defense, entry of summary judgment is improper. See Fatherly v. California Fed. Bank, FSB, 703 So.2d 1101, 1102 (Fla. 2d DCA 1997) (citing Fasano v. Hicks, 667 So.2d 1033, 1034 (Fla. 2d DCA 1996)).
The trial court committed further error by entering the July 31, 1992 “Partial Summary Judgment,” in the principal amount of $198,960 plus costs of $360.50, and interest to accrue at 12% per year.[1] In Pena *886 v. Tampa Fed. Sav. and Loan Ass’n, 363 So.2d 816 (Fla. 2d DCA 1978), we explained the process the trial court should have followed:
[W]here the entire case cannot be finally disposed of on the motion for summary judgment, the trial judge is empowered by the summary judgment rule to separate those issues which require further litigation from those which are properly resolved on the record by summary judgment. The issues which are appropriate for immediate summary resolution are to be noted by an order stating that they have been disposed of by motion for summary judgment and reciting any pertinent undisputed facts. The rule does not contemplate that this order shall be a final judgment on the issues which have been decided. The provisions of the order are to be ultimately incorporated into the final judgment at the end of the case.... [T]he Florida rules do not authorize entry of a partial summary judgment as a final judgment.
Id. at 816-817 (citing Pointer Oil Co. v. Butler Aviation of Miami, Inc., 293 So.2d 389 (Fla. 3d DCA 1974)).
Because the trial court was not authorized to enter a final partial summary judgment on the amount Impact admitted it owed Web, the trial court also erred by awarding accrued interest on that amount in the final judgment. Accordingly, we reverse and remand this case to the trial court with directions to enter a corrected net judgment in favor of Impact in the amount of $272,048.38, reflecting the subtraction of the $120,575.25 in accrued interest.
PARKER, C.J., and FRANK, J., Concur.

. Not only was the trial court not authorized to enter a final partial summary judgment on the amount Impact admitted it owed Web, the partial summary judgment that it purported to enter *886 was not final in form. This is significant because had it been final, a failure to take a timely appeal therefrom would have precluded further review of that judgment. See Del Castillo v. Ralor Pharmacy, Inc., 512 So.2d 315 (Fla. 3d DCA 1987); Pointer Oil Co. v. Butler Aviation of Miami, Inc., 293 So.2d 389 (Fla. 3d DCA 1974).