SHEVIN, Judge.
Guy Bailey, Jr., appeals a judgment awarding damages to Brickell Key Cen-tre-FBEC, L.L.C. We reverse.
In a landlord/tenant action, landlord Brickell Key sought possession of the property, damages and recovery on the guaranty executed by Bailey. On May 19, 1999, the trial court issued a final judgment of eviction against all of the parties directing issuance of the “Writ of Possession, forthwith”; the final judgment did not address or reserve jurisdiction on the counts for recovery of damages or on the guaranty. The judgment reserved jurisdiction on collateral matters only: “to enter such orders as are necessary, including but not limited to the award of attorney’s fees.” The judgment was 'not appealed. Subsequently, the court entered a judgment for damages against Bailey, the guarantor.
On appeal from that judgment, Bailey argues that the court lacked jurisdiction to enter the award. We agree. The May judgment for eviction is a final judgment because it appears “to be, or have the attributes of a ‘true’ final judgment, [and therefore], it is deemed to have taken on the characteristic of such a judgment. ...” Del Castillo v. Ralor Pharmacy, Inc., 512 So.2d 315, 319 (Fla. 3d DCA 1987)(footnote omitted). In McGurn v. Scott, 596 So.2d 1042, 1045 (Fla.1992), the Court held that a trial court loses jurisdic tion to address damage issues that should have been, but were not, resolved prior to entry of a “final” judgment. See Port Everglades Auth. v. International Longshoremen’s Ass’n, 652 So.2d 1169, 1172 (Fla. 4th DCA 1995). Similarly, here, the court no longer had jurisdiction over the remaining counts once it entered the “final” judgment. There was no reservation *387 to award damages or consider issues surrounding the guaranty. Therefore, it was without jurisdiction to enter a judgment for damages on the guaranty. Accordingly, we reverse the judgment.
Reversed and remanded.