On Motion to Dismiss

PER CURIAM.
Appellant, Miami-Dade County, is the plaintiff below in a suit seeking declaratory judgment and reformation, and alleging breach of contract and misrepresentation against numerous insurance companies in connection with expenses it has incurred in remediating pollution that exists in and around Miami International Airport. The County alleged, among other things, that Appellees, Westport Insurance Corporation, Certain Underwriters at Lloyds, London and Certain London Market Insurance Companies, owed it a duty to defend against claims arising from alleged environmental conditions on the airport property pursuant to certain insurance policies the appellees issued to the County. Appel-lees moved to dismiss the duty to defend allegations made in the complaint against them and successfully argued that a “suit” did not exist within the meaning of the insurance policies attached to the complaint and that a “suit” was required in order to trigger any duty to defend under those policies. The trial court dismissed only the allegations regarding the duty to defend and granted the County leave to amend. The County did not amend the *1010 complaint, but, instead, filed a notice of appeal of the dismissal order with this Court. As we conclude there is no appeal-able order, we dismiss the appeal.
Even if we disregard the fact that the trial court gave the County leave to amend, the order is not a “partial final judgment of dismissal” within the meaning of rule 9.110(k) of the Florida Rules of Appellate Procedure, nor does it determine liability in favor of a party seeking affirmative relief which would make it an appeal-able order under rule 9.130(a)(3)(C)(iv). See Northcutt v. Pathway Fin., 555 So.2d 368 (Fla. 3d DCA 1989). The order dismisses only portions of the causes of action that the County has asserted against these insurers and does not dispose of an entire case against any party.
In Liberty Mutual Insurance Co. v. Lone Star Industries, Inc., 556 So.2d 1122 (Fla. 3d DCA 1989), the trial court determined that the insurer had a duty to defend and the insurer sought to appeal that order. We dismissed the appeal and held that an order resolving a coverage issue between an insured and an insurer was not appealable because such an issue did not resolve liability in favor of a party seeking affirmative relief and because the purpose of the rule was to restrict interlocutory appeals in order to curb piecemeal litigation. 556 So.2d at 1123. There is no reason for a different result when the trial court determines there is no duty to defend.
As the order under review is a non-final, non-appealable order, this appeal is dismissed.