*665
 

 On Motion for Remand
 

 COPE, J.
 

 This matter is before us on a motion for remand filed by plaintiffs-appellees BXL Associates, Frederick M. Nerlinger, Delores R. Nerlinger and Bexhill, Ltd. We treat the motion for remand as a confession of error.
 

 Plaintiffs sued defendant-appellants Maria Cecilia Rothermel, and Rolf H. Rother-mel.
 
 [1]
 
 The amended complaint asserted multiple counts in contract and tort which allege, in substance, misappropriation of funds. On May 29, 2008, the trial court entered a partial summary judgment against Maria C. Rothermel for $1,484,735, which represented a treble damage award for count 6, civil remedies for criminal practices.
 
 [2]
 
 The partial summary judgment included the words of finality, “for which sum let execution issue forthwith.” On February 4, 2009, the trial court entered another treble damage partial summary judgment against Ms. Rothermel for $2,745,000. This partial summary judgment also contained the phrase, “for which sum let execution issue forthwith.” The trial court retained jurisdiction over the remaining counts against Ms. Rothermel, which are factually interwoven with count six.
 

 Ms. Rothermel appealed both partial summary judgments and the appeals have been consolidated. The plaintiffs moved to dismiss the appeal, arguing that as a matter of law, a partial summary judgment is not appealable where, as here, the counts remaining in the trial court are interwoven with the count on which partial summary judgment was entered. This court denied the motion with respect to Maria C. Roth-ermel because the partial summary judgments contained the words of finality “for which sum let execution issue forthwith.”
 
 See McGurn v. Scott,
 
 596 So.2d 1042, 1045 (Fla.1992);
 
 Del Castillo v. Ralor Pharmacy, Inc.,
 
 512 So.2d 315, 319 (Fla. 3d DCA 1987).
 
 [3]
 

 Plaintiffs’ counsel then filed a motion for remand, requesting that this court return this matter to the trial court so that the partial summary judgments could be “modified by the trial court to remove the unnecessary ‘for which sum let execution issue forthwith’ language.” The plaintiffs acknowledge that the partial summary judgments did not fully adjudicate any of the causes of action against Maria C. Roth-ermel.
 

 We treat the motion for remand as a confession of error. The plaintiffs acknowledge that the phrase “for which sum let execution issue forthwith” should not have been included in the partial summary judgments.
 

 We therefore reverse the partial summary judgments now before us and remand with directions to the trial court to strike the phrase “for which sum let execution issue forthwith.” With that modification, the partial summary judgments have the status of an interlocutory order granting summary judgments. We do not reach the merits of any of Ms. Rothermel’s arguments raised in this appeal. Those arguments may be raised on appeal at such
 
 *666
 
 time as an appealable order is entered in the future.
 

 Reversed and remanded for further proceedings consistent herewith.
 

 [1]
 

 . The appeal was previously dismissed as to Rolf H. Rothermel, against whom no appeal-áble order was entered.
 

 [2]
 

 . The trial court reserved ruling over count six with respect to codefendant Rolf H. Roth-ermel.
 

 [3]
 

 .As stated in footnotes 1 and 2, Rolf H. Rothermel also appealed. This court dismissed his appeal as taken from a non-appeal-able order.
 
 See Northcutt v. Pathway Financial,
 
 555 So.2d 368, 369 (Fla. 3d DCA 1989) ("That portion of the partial summary judgment which strikes the affirmative defenses is a non-final, non-appealable order.”).