# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**MAGDADENE DIEUVIL** and **GUILFORT DIEUVIL,**
Appellants,

v.

**FALCON TRACE HOMEOWNERS ASSOCIATION, INC.,** et al.,
Appellees.

No. 4D22-2069

[August 2, 2023]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Janet C. Croom, Judge; L.T. Case No. 312019CA000858.

Magdadene Dieuvil and Guilfort Dieuvil, Vero Beach, pro se.

D. Johnathan Rhodeback of Dill, Evans & Rhodeback, Sebastian (withdrew after filing briefs), and John Carrigan of Ross Earle Bonan Ensor & Carrigan, P.A., Stuart, for appellee Falcon Trace Homeowners Association, Inc.

GERBER, J.

The homeowner and his spouse ("the defendants") appeal from the circuit court's final summary judgment foreclosing a homeowners' association's amended claim of lien for unpaid assessments, late fees, and interest. The defendants argue, among other things, that the circuit court prematurely entered the final summary judgment without having disposed of the defendants' legally interrelated amended counterclaims, which had been pending before the circuit court entered the final summary judgment. We agree with that argument and therefore reverse the final summary judgment.

"Florida adheres to the principal that piecemeal appeals should not be permitted where claims are legally interrelated and in substance involve the same transaction." *Ironshore Specialty Ins. Co. v. Conrad & Scherer, LLP*, 338 So. 3d 297, 300 (Fla. 4th DCA 2022) (citations and internal quotation marks omitted).

Here, the association's foreclosure action and counts II, IV, and V of the defendants' amended counterclaims were legally interrelated and involved the same transaction as to payments which the association claimed were overdue and in default. As a result, the circuit court prematurely entered its final summary judgment.

*Vital v. Summertree Village at California Club Condominium Association, Inc.*, 343 So. 3d 1260 (Fla. 3d DCA 2022), is instructive. There, a circuit court entered a partial final foreclosure judgment for condominium maintenance fees and special assessments, without resolving the owners' pending affirmative defenses of unclean hands and setoff. *Id.* at 1262. The partial final judgment affixed damages, awarded attorney's fees, and set a foreclosure date. *Id.* The owners appealed, and the association partially confessed error, leading the Third District to conclude the appeal was premature because the judgment was not final. *Id.* Our sister court reasoned:

> In this case … we do have appellate jurisdiction to review the challenged orders because they purport to adjudicate, with finality, [the association's] foreclosure claim. [The orders] are in the form of a final judgment, affix damages, are fully executable, and establish a foreclosure sale date. Indeed, if [the appellant] had not appealed the orders, the foreclosure sale presumably would have ensued. Hence, as [the association] commendably and correctly concedes, we have appellate jurisdiction to review these orders, and we are compelled to reverse them. *See Del Castillo v. Ralor Pharmacy, Inc.*, 512 So. 2d 315, 319 (Fla. 3d DCA 1987) ("[I]t is … improper to render an order in the form of an ordinary final money judgment, while contradictorily and simultaneously leaving an issue for future adjudication."); *see also Surijon v. Zarria*, 278 So. 3d 328, 329 (Fla. 3d DCA 2019); *Baumann v. Intracoastal Pac. Ltd. P'ship*, 619 So. 2d 403, 404 (Fla. 3d DCA 1993); *Pointer Oil Co. v. Butler Aviation of Miami, Inc.*, 293 So. 2d 389, 390-91 (Fla. 3d DCA 1974).

*Id.* at 1263 (footnote omitted). Based on that reasoning, the Third District reversed the final judgment on appeal. *Id.*

Consistent with *Vital*, we reverse the final summary judgment in this case, and remand for the circuit court to resolve the defendants' legally interrelated amended counterclaims before considering whether to enter a final summary judgment against the defendants on the association's foreclosure action.

*Reversed and remanded with instructions.*

GROSS and LEVINE, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**